[Civ. No. 11029. Second Appellate District, Division One.—December 10, 1936.]

CHARLES J. OLSON, Plaintiff; SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), as Executor, etc., Respondent, v. ANNA WASHINGTON, Appellant.

L. A. Lewis and M. W. Phelan for Appellant.

Ralph G. Miller for Respondent.

BISHOP, J., *pro tem.*—With the pleadings serving as a point of departure, this case was tried as an interpleader action. The bone of contention was the proceeds of a bank account, of more than $2,000, standing jointly with the right of survivorship in the names of Miss Sophie Olson, now deceased, and Anna Washington, the appellant. The rival claimants to the fund were appellant and the plaintiff in intervention, Security-First National Bank of Los Angeles, as executor appointed in the estate of Miss Olson. The appellant's claim was based on the fact that she was the survivor of the joint tenants. The position taken by the executor was that, prior to August 7, 1935, the fund had been in the name of the deceased alone, and that it was only through the undue influence of the appellant that the joint account was created. A reversal of the judgment, awarding the proceeds of the account to the executor, is sought on the two grounds that the complaint in intervention does not state, and the evidence does not reveal, sufficient facts respecting the use of undue influence to warrant the finding of its existence. We are of the opinion that the evidence is sufficient, and that the judgment is not to be reversed because of any deficiency in the complaint.

It must be admitted that there is very slight, if any, direct evidence that any word or act of appellant influenced the deceased to withdraw her money from her own account and place it in the joint names of appellant and herself. Direct evidence, however, is not indispensable. As stated in

*Estate of Ramey,* (1923) 62 Cal. App. 413, 426 [217 Pac. 135], undue influence can hardly ever be shown in any way other than by circumstantial evidence.

In *Longmire* v. *Kruger,* (1926) 80 Cal. App. 230 [251 Pac. 692, 696], a deed was canceled upon the ground that it had been procured by undue influence. Two circumstances, having their parallel in our case, were pointed to as having significance. The fact that the grantee did not record the deed until its existence became known was stated to be "a suspicious circumstance which tends to indicate guilty conscience of unfair means resorted to in procuring the instrument", citing *Piercy* v. *Piercy,* (1912) 18 Cal. App. 751 [124 Pac. 561]. The trial court in the case at bar was warranted in disregarding the excuse appellant gave for the secrecy with which the creation of the joint account was shrouded, and in regarding that secrecy as a circumstance pointing to the use of unfair means in bringing it about.

Another circumstance cited by the court in *Longmire* v. *Kruger, supra,* as having weight, was the radical departure the execution of the deed effected from the terms of a will made six months before. In our case, we find a will made July 11th, not mentioning appellant, but leaving the residue of the estate, including the money here involved, to deceased's brother; then, within four weeks, occurs the creation of the joint account by virtue of which the brother loses, appellant gains, between two and three thousand dollars. The fact that it was from the brother that the creation of the joint account was to be kept most secret, gives added significance to the secrecy.

But if, as appellant argues, these circumstances do not constitute evidence but amount to suspicions only, and with respect to the effect of undue influence we have neither direct nor circumstantial evidence, the result is the same: the finding that there was undue influence is supported by an inference which is not overcome, but which these suspicious circumstances confirm. ██ Where, as in this case, there is an old person, so broken in health and so worn down mentally that her actions may readily be influenced by those in whom she has confidence, and it appears that one who has her confidence emerges with a goodly prize for which no consideration was given, an inference arises,

capable of sustaining a finding that undue influence has been used. (*Cox* v. *Schnerr*, (1916) 172 Cal. 371, 379 [156 Pac. 509]; *Campbell* v. *Genshlea*, (1919) 180 Cal. 213, 224 [180 Pac. 336]; *Estate of Cover*, (1922) 188 Cal. 133, 144 [204 Pac. 583]; *Longmire* v. *Kruger, supra; Bohn* v. *Gruver*, (1931) 111 Cal. App. 386 [295 Pac. 891]; *Myrick* v. *Bruetsch*, (1936) 13 Cal. App. (2d) 219 [56 Pac. (2d) 591]; *Johnson* v. *Clark*, (Oct. 20, 1936) 7 Cal. (2d) 529 [61 Pac. (2d) 767].) That appellant enjoyed the confidence of the deceased appears as a fact in the case from evidence which the trial court may well have believed. The two had been rather closely associated for eighteen years. When the deceased, seventy-two years of age, went to the hospital for a major operation, it was appellant she wanted with her all the time. It was appellant who held her hand as she was wheeled to the operating room. When, too weak to finish unaided writing her name to her will, deceased turned for help, it was "Annie" she asked to hold her arm. It was to appellant's home she was taken shortly after her return from the hospital, and it was there she died.

There was plenty of evidence, which, if believed by the trial court, would have cleared the appellant from all suspicion of having employed any influence to secure that which she now seeks to enjoy. This the trial court evidently did not believe, but accepted as true, rather, the evidence which supports the conclusion that appellant was not dealing with the deceased at arm's length, but that the deceased entrusted her affairs into the hands of appellant, who took undue advantage of the trust reposed in her. This conclusion we may not disturb, if we would.

■ Appellant's further contention that the complaint in intervention so far fails to state a cause of action that the judgment should be reversed, we find to be without merit. At worst, the fault of the pleading lies in alleging that the new account was created as a result of undue influence, without alleging the facts which, it is claimed, constitute undue influence. ■ If it was error to overrule the general demurrer which appellant interposed to the complaint, which we doubt (*Estate of Bixler*, (1924) 194 Cal. 585 [229 Pac. 704]), but do not decide, the error does not merit a reversal, because it cannot be said to have prejudiced appellant in any

way. (*Gladding, McBean & Co.* v. *Southern Sec. Co.*, (1931) 118 Cal. App. 727 [5 Pac. (2d) 639].)

That appellant was not prejudiced appears plain when we note the distant relationship the pleadings bore to the trial. The action was commenced by the brother of the deceased, claiming the proceeds of the bank account, because he was an heir and legatee of the deceased. Appellant and the defendant depositary bank answered his complaint, denying the allegations of undue influence. The executor then filed its complaint in intervention, to which like answers were made, and the cause proceeded to trial. On the second day of trial, the findings recite but no other part of our record reveals, the depositary bank paid into court the sum of $2,955.28, it having been stipulated that upon payment of this amount the action would be dismissed as to it. The judgment, accordingly, dismisses the action as to the bank originally a defendant, and also as to the plaintiff, and proceeds to determine as between the rival claimants, appellant and the plaintiff in intervention, which is entitled to the fund. In the premises, a reversal may not be based on any claimed insufficiency of the complaint in intervention to state further facts.

The judgment is affirmed. The appeal from the order denying appellant's motion for a new trial is dismissed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1937. Thompson, J., voted for a hearing.