[Civ. No. 3039.   Second Appellate District, Division Two.—November 4, 1919.]

GRACE A. HILBORN, Respondent, v. CARL B. SOALE et al., Appellants.

[1] DEEDS — GRANT TO HUSBAND AND WIFE — JOINT TENANCY — CONSTRUCTION OF SURVIVORSHIP PROVISIONS.—A deed granting certain real property to a husband and wife "as joint tenants with the right of survivorship," and ending with a *habendum* clause "to have and to hold to the said grantees and to the survivor of them forever," creates a joint tenancy in fee in the two grantees, and not a joint life estate in said grantees and a contingent remainder in fee to the survivor.

[2] ID.—INTENT OF GRANTOR—HABENDUM CLAUSE AS EVIDENCE OF.—While the *habendum* clause, where such intent is made clear, can be resorted to to restrict, limit, or enlarge the estate indicated in the grant, no such purpose is indicated in the deed here in question.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. L. Carpenter for Appellants.

Frank L. Muhlman, Jones & Evans and W. E. Evans for Respondent.

---

1. Conveyance to two or more providing for right of survivorship as creating joint tenancy and not tenancy in common, note, Ann. Cas. 1917B, 119, 121.

°. *Habendum* clause as restriction on grant, note, Ann. Cas. 1913B, 417.

SLOANE, J.—[1]  The title to the property involved in this action was conveyed to the defendants and appellants, Carl B. Soale and Wilson H. Soale, her husband, by the following deed:

"Grant Deed.

"Bertha E. Hookway and Wiliam R. Hookway, her husband, in consideration of ten dollars to them in hand paid, the receipt of which is hereby acknowledged, do hereby grant to Carl B. Soale and Wilson H. Soale, her husband, as joint tenants *with the right of survivorship,* all that real property situated in the city of Pasadena, county of Los Angeles, state of California, described as follows: Lot twenty-eight (28) of the Bixby Tract, as per map recorded in book 14, page 92, miscellaneous records of said county, subject to taxes fiscal year 1908–1909.  To have and to hold to the said grantees *and to the survivor or [of] them forever.*

"Witness their hands this second day of July, 1908.

"BERTHA E. HOOKWAY.
"WILLIAM R. HOOKWAY."

Plaintiff claims title to an undivided half of the premises under an execution sale of the interest of Wilson H. Soale, and brought this action for partition between himself and the defendant Carl B. Soale.  This appeal is from the interlocutory judgment in plaintiff's favor.

The case turns on the construction of foregoing deed.  Respondent claims that the conveyance created a joint tenancy in fee in the two grantees, and appellants contend that the effect of the deed was to create a joint life estate in the husband and wife, and a contingent remainder in fee to the survivor.  Appellants' contention is based upon the theory that the words in the deed, italicized herein for the purposes of this case, are effective to prevent the severance of the joint tenancy by execution sale, or voluntary act of either of the parties to the title, and preserve the right of survivorship by creating an independent title in the survivor upon this life estate.  Without discussing the question as to whether or not such an estate can be created under the limitations of the California Civil Code, we are satisfied that the language of the instrument, as relied upon by appellants, is not calculated and was not intended to limit or modify the apt language for the creation of a joint tenancy.  We see nothing in the

words "with the right of survivorship," following the grant to "Carl B. Soale and Wilson H. Soale, her husband, as joint tenants," other than the expressed declaration of the implied incident of right of survivorship which characterizes a joint tenancy; and the italicized words in the *habendum* clause, "To have and to hold to the said grantees *and to the survivor of them forever*"; is in nowise inconsistent with the granting clause. Of course, no question of tenancy by entireties, as between husband and wife, is involved in this case under our statutes; and it is apparent under the granting clause, independent of the language in controversy, that it was the intention of the grantor to create a joint estate. [2] It is not disputed that the *habendum* clause, where such intent is made clear, can be resorted to to restrict, limit, or enlarge the estate indicated in the grant; but no such purpose is indicated here. In *Barnett* v. *Barnett,* 104 Cal. 298, [37 Pac. 1049], and *Jacobs* v. *All Persons, etc.,* 12 Cal. App. 163, [106 Pac. 896], cited by appellants, the *habendum* clause under consideration in each instance in expressed terms limited the estate vested in the grantee named to a life interest.

Without reviewing appellants' citations from the courts of other states, we find them all distinguishable from the case at issue here, and for the most part concerned with the construction of deeds in which the *habendum* clause is in irreconcilable conflict with the granting clause. Such is not the condition here. In *Swan* v. *Walden,* 156 Cal. 195, [134 Am. St. Rep. 118, 20 Ann. Cas. 194, 103 Pac. 931], in which case the deeds in question more nearly correspond to the deed under consideration here than in any of the foreign cases cited, our supreme court held that a conveyance to grantees, husband and wife, "as joint tenants, with fee to the survivor," and another to grantees as husband and wife "during their joint lives," and afterward to the survivor in fee simple absolute, vested the estate in these grantees in joint tenancy. We reach the same conclusion in this case. The execution sale of the interest of Wilson A. Soale to the plaintiff here severed the joint tenancy, and left plaintiff and defendant Carl B. Soale tenants in common, and the land subject to partition between them.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.