[Civ. No. 4590.   Second Appellate District, Division One.—March 1,
1927.]

# MARY C. TILDEN, Respondent, v. B. E. TILDEN et al., Appellants.

[1] HUSBAND AND WIFE — CONVEYANCE TO WIFE — CONSIDERATION —
GIFTS—PRESUMPTIONS—EVIDENCE—FINDINGS.—In this action by a
wife against her husband and others to quiet title to real property,
it is held that the evidence was sufficient to sustain the finding that
conveyances by the husband of a portion of the property to the
wife alone and of a half interest of another portion to the wife as
tenant in common gave the wife title and a half interest as tenant
in common to the respective properties, although the wife paid
nothing for the conveyances made to her, in view of the pre-
sumption of gift under section 164 of the Civil Code.

[2] ID.—DEEDS—JOINT TENANCY—EVIDENCE—FINDINGS.—In such ac-
tion, the finding that deeds conveying certain lots to husband and
wife as joint tenants, which were paid for by the husband, con-
stituted deeds of gift whereby the husband and wife became the
owners as joint tenants, was sustained by the evidence.

[3] JOINT TENANCY—TITLE—CONVEYANCE BY JOINT TENANT.—A joint
tenant has the right to convey his title and interest.

[4] HUSBAND AND WIFE—CONVEYANCE BY JOINT TENANT—TENANCY IN
COMMON.—Where a husband holding property with his wife as
joint tenant conveyed his interest therein to his son by a former
marriage, the grantor's son and wife held as tenants in common
and not as joint tenants, as a conveyance of his interest by a
joint tenant destroys the joint tenancy making it a tenancy in
common.

[5] ID. — GIFTS — CONVEYANCE TO WIFE SUBJECT TO MORTGAGE — PAY-
MENT OF MORTGAGE DEBT BY HUSBAND—REPAYMENT BY WIFE—
QUIETING TITLE.—Where the husband by deed of gift conveyed
certain lands to his wife subject to a mortgage, the wife could
have title quieted against the husband without repayment of mort-
gage debts that the husband had paid off after her acquisition
of the property, in the absence of any evidence or claim of a loan
to the wife by the husband, or that in paying the mortgage debts
the husband was acting pursuant to any agreement with his wife.

1.   See 7 Cal. Jur. 341; 13 Cal. Jur. 808.
2.   See 13 Cal. Jur. 853.
3.   See 7 R. C. L. 815.
4.   See 7 Cal. Jur. 338; 7 R. C. L. 815.

[6] Id. — Conveyance of Community Property — Power of Attorney—Evidence.—In this action by a wife against her husband and his son by a former marriage to quiet title to certain lots, the trial court did not err in excluding a power of attorney given by the wife to the husband, under which conveyance was made to the son, although plaintiff was deterred from offering it in evidence by a statement of the court that it was immaterial, where the parties agreed that a husband cannot by use of a power of attorney convey the community property or the wife's separate property without a valuable consideration, and the statement of the court was made in view of the stipulation of the parties that the purpose of the conveyance was the closing of a trust in which the son was beneficiary.

[7] Id.—Gifts—Intent—Evidence.—In this action by a wife against her husband to quiet title based on deeds of gift which the husband had made in her name, the refusal of the trial court to permit the husband to state whether he had any intention to give the property to the wife was erroneous.

[8] Id.—Acts, Declarations, and Conduct—Evidence.—In such action, the question of the husband's intentions in having the property conveyed to the wife in her name should be determined from his acts, declarations, and conduct at the time of the transaction, as such evidence may be more important and convincing than his subsequent declarations that he did not intend to make such gift.

[9] Id.—Intention—Rejection of Evidence—Findings—Lack of Prejudice.—In such action, the error of the trial court in rejecting evidence as to what the husband's intention was at the time of the transaction did not constitute ground for reversal, where the answer to the question would not have changed the court's finding that a deed of gift was intended, in view of his declarations and conduct at the time of the transaction.

[10] Id.—Possession—Sufficiency of Evidence—Findings.—In such action, the evidence was sufficient to sustain the finding that on execution of the deeds of gift to the wife she went into possession of the property.

---

(1) 30 C. J., p. 562, n. 6, p. 702, n. 33, p. 841, n. 67.   (3, 4) 33 C. J., p. 915, n. 59, 61.   (5) 30 C. J., p. 860, n. 20.   (6) 36 Cyc., p. 1292, n. 69.   (7) 22 C. J., p. 611, n. 78.   (8) 30 C. J., p. 705, n. 75.   (9) 4 C. J., p. 1004, n. 64.   (10) 30 C. J., p. 704, n. 74.

APPEAL from a judgment of the Superior Court of Los Angeles County. Elliot Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

6. See 5 Cal. Jur. 341; 5 R. C. L. 804.
8. See 13 Cal. Jur. 49, 853; 12 R. C. L. 971.

William S. Corbin and James K. Wilson for Appellants.

G. A. McElroy and F. M. Bottorff for Respondent.

CONREY, P. J.—Plaintiff is the wife of defendant B. E. Tilden. Defendant S. D. Tilden is a son of B. E. Tilden by a former marriage. Plaintiff brought this action to quiet title to several parcels of real property in Los Angeles County. The several parcels are described in the complaint. The plaintiff alleged that she is the owner of twenty described lots in block 60 of the city of Santa Monica; that she is the owner of the south 155 feet of the east 173 feet of block 1 of Colegrove, in the city of Los Angeles; that she is the owner of lots 6 and 7 in block "E" of tract 342 in Los Angeles County; that she is the owner of lots 14, 15, and 16 in block "D" of the Beautiful Home Tract in Los Angeles County.

The court by its decree determined that the plaintiff is the owner in fee simple, as her separate property, of the described parcel in block 1 of Colegrove, and also of the described twenty lots in Santa Monica; that the plaintiff, Mary C. Tilden, and the defendant B. E. Tilden are the owners, in the manner and under conditions to be hereinafter stated, of the three described lots in the Beautiful Home Tract and lot 6 in block "E" of tract 342; that the plaintiff, Mary C. Tilden, and the defendant, S. D. Tilden, as tenants in common, are the owners (an undivided one-half interest thereof to each) of lot 7 in block "E" of tract 342.

The court further by its decree canceled and declared null and void, in so far as they attempted to convey the interest or estate of Mary C. Tilden in the described lands and premises, certain deeds of conveyance of the properties in controversy, which said deeds purported to be deeds of grant from Mary C. Tilden and B. E. Tilden to S. D. Tilden, and were signed by B. E. Tilden and also by Mary C. Tilden by B. E. Tilden, her attorney in fact.

There are in the record two other defendants, I. N. Minnick (sued as John Doe) and Julia Kengla, whose interests relate to said lot 6 in block "E" of tract 342. Minnick filed an answer showing a contract of sale of date February 28, 1921, of said lot 6 by B. E. Tilden to Mrs. Kengla and

an assignment thereof by Mrs. Kengla to Minnick. Prior to the trial of this action, stipulations were filed relating to said lot 6, and relating to the lots in the Beautiful Home Tract, whereby in settlement of certain matters in relation to sales of those lots, it was provided, among other things, that if the plaintiff's claim, relating to the property, should be sustained, then she should recover judgment against the defendants B. E. Tilden and S. D. Tilden in a stated proportion, which in the findings was fixed at the sum of $159.51—which amount is included in the judgment.

The defendants B. E. Tilden and S. D. Tilden, by their answer to the complaint, denied ownership by the plaintiff of any interest in the lands described in the complaint, and alleged that the defendant S. D. Tilden is the owner and is entitled to possession of the said land. By a separate defense, these defendants alleged that S. D. Tilden is the owner of the twenty lots in Santa Monica under and by virtue of a deed dated March 16, 1921 (recorded March 22, 1921), executed by Mary C. Tilden, by her attorney in fact, B. E. Tilden, and B. E. Tilden; that S. D. Tilden is the owner of the parcel in block 1 of Colegrove by virtue of a deed in like form and of same date as the other deed last above mentioned; that S. D. Tilden is the owner of the lots 6 and 7 in block "E" of tract 342, and the lots 14, 15, and 16 in block "D" of the Beautiful Home Tract by virtue of another similar deed from the same grantors; that said several pieces of land had been bought by B. E. Tilden for and with money of S. D. Tilden during his minority and put in name of Mary C. Tilden temporarily until S. D. Tilden became of age; that the general power of attorney from Mary C. Tilden to B. E. Tilden, of date January 3, 1914, "was made before we knew what property would be purchased, therefore no property could be described except one lot six in block 'E,' which was joint tenancy. Also deed of March 4th, 1914, lots 14, 15 and 16 in block 'D,' Beautiful Home Tract were joint tenants."

The answer set forth by copy the said power of attorney and alleged that the same was in full force and effect at the time of the execution of said deeds to S. D. Tilden; and that the said deeds were executed pursuant to the agreement between the plaintiff, Mary C. Tilden, and defendant B. E. Tilden recited in said power of attorney.

But there is not in said power of attorney any recital
of agreement, other than the grant of power and authority
to execute conveyances, etc., and to deal in real or personal
property of the said Mary C. Tilden. It was further alleged
that said power of attorney (dated and acknowledged on
January 3, 1914) was recorded in the office of the county
recorder of Los Angeles County on March 15, 1921.

The plaintiff and the defendant B. E. Tilden were
married in the year 1912. Down to the time of the trial
of this action in April, 1923, they continued to be husband
and wife, and so far as the record shows they still are
husband and wife. The several properties described in the
complaint were acquired, as shown by the several deeds,
as follows: Plaintiff's exhibit 1, dated February 18, 1914,
conveyed the lots in Beautiful Home Tract to B. E. Tilden
and Mary C. Tilden "as joint tenants, and not as tenants
in common, and to the survivor of them." Plaintiff's ex-
hibit 2, dated December 9, 1915, conveyed the parcel in
block 1 of Colegrove "to M. C. Tilden, a married woman."
Plaintiff's exhibit 3, dated March 22, 1913, conveyed lot
6 of block "E" in tract 342 to B. E. Tilden and Mary C.
Tilden, "husband and wife, as joint tenants, and not as
tenants in common, with the right of survivorship." Plain-
tiff's exhibit 4, dated May 10, 1915, conveyed the twenty
lots in Santa Monica "to M. C. Tilden, a married woman."
Plaintiff's exhibit 5, dated February 9, 1915, conveyed lot
7 of block "E," tract 342, "to Burt E. Tilden and Mary C.
Tilden, his wife." The evidence shows, and it is a fact
without dispute, that the consideration for these several
conveyances was paid by the defendant B. E. Tilden out of
funds which were his separate property, unless, as the de-
fendants Tilden contended at the trial, said funds in fact
belonged to S. D. Tilden and were only held in trust for him
by B. E. Tilden. The court found, however, that this
alleged trust did not exist, and appellants do not now
attack, or at least have not very definitely contended against,
the validity of this finding. We assume, therefore, that
there was no such trust.

[1] The first point of appellants is that the evidence
is insufficient to sustain the finding that B. E. Tilden gave
to the plaintiff the Santa Monica lots, the Colegrove lot,
or a one-half interest as tenant in common in the lot 7 in

block "E" of tract 342. It is conceded that without evidence other than the deeds, a presumption of gift of these properties by the husband to the wife would exist under section 164 of the Civil Code. That section, as it existed at the time when the several properties were acquired as above stated, in part read as follows: "All other property acquired after marriage by either husband or wife, or both, is community property; but whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property. And in case the conveyance be to such married woman and to her husband, or to her and any other person, the presumption is that the married woman takes the part conveyed to her, as tenant in common, unless a different intention is expressed in the instrument, and the presumption in this section mentioned is conclusive in favor of a purchaser or encumbrancer in good faith and for a valuable consideration. . . . " It is further conceded to be true, not only that Mrs. Tilden paid nothing for these conveyances made to her, but also that S. D. Tilden paid nothing for any of the conveyances made to him other than that, as has been mentioned, he insisted at the trial that he received them as beneficiary of a trust.

The argument of counsel for appellants, in advancing their claim that the evidence is insufficient to sustain the finding referred to in the preceding paragraph, lays much stress upon "the probabilities as to the truth" of the testimony of Mrs. Tilden, and upon sundry matters which, while they were important in the trial court where the conflicting evidence had to be weighed and considered, are not very helpful to the consideration of an appeal. In addition to the presumption of gift to which we have referred, there was evidence tending to prove that the deeds to Mrs. Tilden were deeds of gift. Mrs. Tilden testified that at about the time when the Santa Monica lots were conveyed to her, Mr. Tilden said to her that he carried comparatively no life insurance and "that he was giving me this property to protect me in case of his sudden death and against the vindictive nature of Mrs. Tilden and Sam." The Mrs. Tilden mentioned in that statement was the mother of defendant S. D. Tilden.

Plaintiff also testified that in earlier conversations her husband had stated that he would give her things from time to time for the same purpose of protection to her; that in December, 1915, and at other times, he made practically the same statements to her; that her husband, as well as herself, frequently referred to the Santa Monica and Colegrove properties as her property. Prior to the commencement of this action there was pending in a court at Chicago, Illinois, a separate maintenance suit by the plaintiff, Mary C. Tilden, against said defendant B. E. Tilden. It was proved here that in an affidavit filed in that action, said defendant declared that from time to time he had purchased and caused to be conveyed to her various parcels of real property therein mentioned and described, which included the twenty lots in Santa Monica. Notwithstanding the fact that much of the testimony presented by the plaintiff was contradicted by other evidence introduced by the defendants, the attack upon the finding in question must fail, because the finding is sustained by sufficient evidence.

[2] The second point of appellants is that the evidence is insufficient to sustain the finding that B. E. Tilden gave to the plaintiff any interest in lot 6 in block ''E'' of tract 342, or the lots in the Beautiful Home Tract. These are the parcels which were conveyed to the plaintiff and defendant B. E. Tilden as joint tenants. Based upon this finding and the additional fact that B. E. Tilden had conveyed to the defendant S. D. Tilden his interest in said premises, the court decreed that the plaintiff, Mary C. Tilden, and the defendant B. E. Tilden, as joint tenants with the right of survivorship, and not as tenants in common, are the owners of said parcels of land, ''and that the defendant S. D. Tilden has no right, title or interest in and to said premises, except such right, title or interest of the said B. E. Tilden as was heretofore conveyed to the said S. D. Tilden by the said B. E. Tilden, to wit: The joint tenancy interest of said B. E. Tilden, and that the defendant I. N. Minnick has no estate or interest whatever in and to the interest of the plaintiff in said lands or premises, except such rights in and to the above described lot six in block 'E,' tract three hundred forty-two as may have been created by reason of the stipulation now on file in the above entitled

action and that the defendants, B. E. Tilden, S. D. Tilden and I. N. Minnick, each and every one of them, be and they hereby are debarred and forever enjoined from asserting any claim whatever in or to the lands or premises adverse to the aforesaid interest of the plaintiff therein.'' The said stipulation is attached to and made part of the findings. It contains provisions under which presumably the interests of Minnick are protected, by conveyance of the lot, made or to be made to him by all of the Tildens, and by substitution of the purchase money paid by him, so that said purchase money will be applied in accordance with the stipulation. Minnick is not appealing from the judgment. In view of the evidence hereinbefore mentioned, we are satisfied that the deeds conveying the lots in the Beautiful Home Tract and the lot 6 in block ''E'' of tract 342, were deeds of gift whereby the plaintiff and the defendant B. E. Tilden became the owners as joint tenants of those lands.

[3, 4] Appellants' third point relates to the lands last above mentioned, and error is assigned in that the court attempted to preserve for the plaintiff an interest in these lots in joint tenancy with the right of survivorship, after the conveyance by B. E. Tilden of his interest therein to his son. In this respect we think that the decree is erroneous. As joint tenant of the property, B. E. Tilden had a right to convey his own title and interest therein to his son. The effect of such conveyance was such that thereafter the property belonged to Mary C. Tilden and S. D. Tilden as tenants in common. (*Hilborn* v. *Soale*, 44 Cal. App. 115 [185 Pac. 982]; *Green* v. *Skinner*, 185 Cal. 435 [197 Pac. 60].) The stipulations to which we have referred contemplated that sales of all of this joint tenancy property should be completed, and the proceeds in money should be divided in accordance with the agreements of the parties. But as the record does not show a completion of those transactions, it will be necessary to direct a modification of the judgment.

Appellants' fourth point covers certain details of the same matters of evidence referred to under the first point, and do not require extended notice. We are satisfied that the evidence as a whole was sufficient to establish an executed gift to the plaintiff, regardless of the fact that cer-

tain items of evidence discussed by appellant might not alone be sufficient for that purpose.

[5] The fifth point is in effect that because certain items of the property given were subject to mortgages existing when the properties were acquired, and because thereafter the mortgage debts were paid by B. E. Tilden, that, therefore, the court erred in its decree herein by failing to require that the plaintiff repay to B. E. Tilden the amounts of said encumbrances, as a condition to granting her any relief as to those lots. One of the mortgages covered the Santa Monica lots, and the other the lot in block 1 of Colegrove, both of which, according to the decree, were given in entirety to the plaintiff. On this point the case is no different than it would be if the husband as owner had by his own deed conveyed the property directly to his wife at a time when it was encumbered by mortgage and had afterward removed the encumbrances. By the deed of gift the wife had acquired complete title. There is no evidence or claim of a loan to her by B. E. Tilden, or that in paying the mortgage debts he was acting pursuant to any agreement with his wife. Under these conditions, if he voluntarily caused the mortgages to be satisfied, we are not aware of any reason or authority under which she could be required to repay the money to him as a condition to the granting of a decree establishing her title as against his subsequent adverse claim or that of any person claiming under him. The authorities cited by appellant do not appear to sustain any such proposition.

The next three points of appellant relate to alleged errors of the court in rulings excluding offered evidence: (a) Error in excluding power of attorney; (b) error in excluding evidence of intention of B. E. Tilden in relation to conveyances to his wife; (c) error in exclusion of evidence as to sale of lot 3, in block "D" of Beautiful Home Tract, which lot was not involved in this action, but was conveyed to B. E. Tilden and Mary C. Tilden in the same deed by which they acquired lots 14, 15, and 16 in that block.

[6] It seems to be conceded that the power of attorney was not directly offered in evidence, but appellant claims to have been deterred from making such offer by a statement in which the court declared that the document was

immaterial in the case. The judge said that he made this statement in view of the stipulation of the parties that the purpose of the deed transferring property to S. D. Tilden was the closing or purported closing of a trust in which the son was beneficiary. It further appeared in the course of the discussion that the court and counsel for defendants were in agreement that a husband cannot by use of power of attorney convey community property or the wife's separate property without a valuable consideration. On the record thus made, we are satisfied that the court committed no error in relation to said power of attorney.

[7] The alleged error in excluding evidence of intent relates to a question asked of B. E. Tilden as a witness, inquiring whether at the time when the lot 6, in block "E" of tract 342 was placed in the name of B. E. Tilden and Mary C. Tilden, he had any intention to give it to his wife; and two further questions inquiring whether at any time he gave or intended to give any of this property to his wife. The witness was permitted to state that he did not tell his wife that he was going to give or had given the property to her. We are of the opinion that the rejected evidence was admissible, and that its exclusion was erroneous. Such seems to have been the opinion of the supreme court as expressed in *Gilmour* v. *North Pasadena Land etc. Co.*, 178 Cal. 6, at page 9 [171 Pac. 1066]. See, also, *Potter* v. *Smith*, 48 Cal. App. 162, 169 [191 Pac. 1023]. [8] It also appears, however, that the question of the alleged donor's intention should be determined from his acts, declarations, and conduct at the time of the transaction; and such evidence easily may be more important and convincing than his subsequent declaration that he did not intend to make such gift. [9] In view of all of the evidence produced in this case we are satisfied that even if these questions had been answered, and B. E. Tilden had testified that he did not intend to make these gifts to his wife, such testimony would not have changed the findings which were made by the court. For it was manifest throughout the trial that he was contending that he had never intended to make such gift or gifts.

Upon the alleged error in relation to the exclusion of evidence as to the sale of said lot 3, we think the reply is sufficient that B. E. Tilden was permitted to testify that

said lot 3 was exchanged for Chicago property, which was acquired in joint tenancy.

[10] Finally, appellants contend that the evidence is insufficient to sustain the finding that on the execution and delivery of the deeds to plaintiff, she went into possession of the Santa Monica and Colegrove properties. But it appears that Mrs. Tilden did testify that she had possession of that property after it was deeded to her and continued in possession thereof; that the property was rented and that she had been receiving the rentals thereof. It may be true that, as testified by B. E. Tilden, her collection of the rents did not begin until after these controversies arose, and it may be that for a time Mr. Tilden attended to the renting of the property and the collections of rent. This, however, is consistent with the theory of agency on his part quite as much as with the theory that he was acting in his own behalf. We think the evidence is sufficient to sustain the finding—if any finding of fact on that evidentiary matter was necessary.

It is ordered that the judgment be modified in that part thereof relating to lots 14, 15, and 16, in block "E" of the Beautiful Home Tract and lot 6 in block "E" of tract 342, by striking out the words "the plaintiff Mary C. Tilden and the defendant B. E. Tilden, as joint tenants with the right of survivorship and not as tenants in common," and substituting therefor the words "the plaintiff Mary C. Tilden and the defendant S. D. Tilden as tenants in common."

As thus modified the judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 29, 1927, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 28, 1927.