[Civ. No. 7668. First Appellate District, Division One.—May 7, 1931.]

MATHILDA PEPIN, Appellant, v. BESSIE I. STRICK-LIN, Respondent.

Frazier McIntosh for Appellant.

Catherine A. McKenna and J. Irving McKenna for Respondent.

DOOLING, J., *pro tem.*—This is an appeal on the judgment-roll alone. Plaintiff and appellant sued to quiet title to two parcels of land. The court found that for a long time prior to June 27, 1923, plaintiff and her husband, the defendant Albert Pepin, had been living separate and apart; that on June 27, 1923, plaintiff entered into two separate contracts with the Bank of Italy to purchase the parcels of land in question; that all payments made by plaintiff upon said contracts were made from her separate earnings; that plaintiff caused said contracts to be issued in the name of herself and said Albert Pepin, her husband, as joint tenants, but not with the intent to convey any interest therein to her said husband; that defendant Bessie I. Stricklin on November 21, 1924, held an unsatisfied judgment against Albert Pepin; that she caused execution to be levied upon all the right, title, claim and interest of Albert Pepin in said two pieces of land and on March 9, 1925, said defendant Bessie I. Stricklin purchased at the execution sale all such interest of Albert Pepin and no redemption was had within the year thereafter. The court further found that defendant Bessie I. Stricklin made all the payments under said contracts subsequent to March 9, 1925, amounting to $1372.27. and that said contracts are now paid in full.

The court ordered plaintiff's title quieted as against defendant Albert Pepin, but as between defendant and respondent Bessie I. Stricklin and plaintiff and appellant Mathilda Pepin an alternative judgment was entered providing: First, that if within sixty days plaintiff pay the defendant

Stricklin the $1372.27, paid out by her under the contract as aforesaid, with interest and her costs, plaintiff's title be quieted against her; or, second, that if plaintiff fail to make such payment within sixty days, defendant Stricklin shall be adjudged the owner of an undivided one-half interest in said property and said defendant shall have judgment against plaintiff for one-half the amount so paid with interest thereon. From this judgment plaintiff appeals.

The correctness of this judgment depends primarily upon whether respondent Stricklin was a *bona fide* purchaser at the execution sale without notice of the fact that Albert Pepin did not in fact have the interest of a joint tenant in said contracts. On this question the trial court found: "that when defendant Stricklin caused the execution, above mentioned, to be levied, . . . she knew the terms of the contracts mentioned in Finding II and knew that the contracts were issued in the names of plaintiff and defendant Albert Pepin as joint tenants; that she also knew the whereabouts of plaintiff; that she did not cause notice of said levy to be given plaintiff, nor did she make inquiry whatsoever from plaintiff as to plaintiff's interest in said property".

█ The judgment creditor purchasing at an execution sale in reliance upon the appearance of title in the judgment debtor is a *bona fide* purchaser and not bound by any secret interest of which he is not put upon notice, actual or constructive. (*Riley* v. *Martinelli,* 97 Cal. 575 [33 Am. St. Rep. 209, 21 L. R. A. 33, 32 Pac. 579]; 11 Cal. Jur., pp. 129, 130.) █ Appellant, by causing the contracts to be issued in her name and that of Albert Pepin as joint tenants, caused it to appear that Albert Pepin had a joint tenancy interest with her in such contracts. The findings must be construed in support of the judgment and nothing appears in the findings which would put respondent Stricklin on inquiry or indicate to her that appellant's interest in the contracts was other than it appeared from their face. She was therefore under no legal duty to make any inquiry of appellant before purchasing. █ The burden is not on respondent to prove lack of notice, but upon appellant to prove that respondent had notice that her interest was greater than appeared from the record. (*Pacific Fruit Exchange* v. *Schropfer,* 99 Cal. App. 692, 694 [279 Pac. 170], and cases there cited.)

The purchase of Albert Pepin's joint tenancy interest terminated the joint tenancy and appellant and respondent thereupon became tenants in common. (*Tilden* v. *Tilden,* 81 Cal. App. 535, 542 [254 Pac. 310].) In paying the balance due under the contracts respondent Stricklin was acting for the benefit of herself and her cotenant, the appellant, and she is entitled to contribution from appellant for the portion of such payment made for her benefit. (*Calkins* v. *Steinbach,* 66 Cal. 117, 121 [4 Pac. 1103].)

It follows that respondent Stricklin by her purchase at the execution sale acquired an undivided one-half interest and by the payments subsequently made was entitled to contribution from appellant of one-half thereof. This is what was allowed her by the second alternative in the judgment appealed from. The first alternative is more favorable to appellant than is her right to have it and accordingly she cannot complain.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.