[Civ. No. 10928. Second Appellate District, Division Two.—April 21, 1936.]

JULIA HILTBRAND, Appellant, v. RUDOLPH HILTBRAND, Respondent.

Ratzer, Bridge & Gebhardt and H. A. Gebhardt for Appellant.

Eli F. Bush and Fred N. Whichello for Respondent.

CRAIL, P. J.—The plaintiff brought this action for partition and accounting against her former husband, the defendant, to partition certain property which she alleged was held by the parties in joint tenancy, and for an accounting of the rents and profits therefrom, and also for an accounting of the sum of 3,000 Swiss francs or its equivalent in American money, which the plaintiff alleged was her separate property and was delivered by her to defendant for investment, but was commingled with defendant's funds and invested. The parties had been divorced. In paragraph VII plaintiff further alleged that defendant acquired one of the properties on May 20, 1931, which was after the interlocutory decree but before the final decree of divorce was entered; and further "that said real property was acquired by defendant after said interlocutory decree of divorce was granted and during marriage and was not owned by him before marriage and is not property acquired by defendant by gift, bequest, devise or descent". Answering plaintiff's complaint, defend-

ant denied that plaintiff was an owner and joint tenant of said properties; that plaintiff on June 6, 1929, for a valuable consideration sold, assigned, transferred and delivered all her interest in said property to defendant as his sole and separate property; that plaintiff conveyed all her interest in the property referred to in paragraph VII of plaintiff's complaint to defendant by grant deed, and denied that plaintiff had any interest therein; and for a separate and affirmative defense the defendant alleged that plaintiff left defendant in the month of June, 1929, and went to Switzerland, but that before she went they had a complete and full settlement of all their financial and property affairs; that as part of said settlement plaintiff conveyed all interest or claim she had in all of the properties referred to by the plaintiff; that an accounting was then and there had between the parties of all moneys, properties or claims of the respective parties and that defendant paid plaintiff in full and complete settlement; that the sum referred to was $1200, and that plaintiff accepted the same in full satisfaction and settlement of all claims and demands she then had or would have against defendant arising out of all properties then had or thereafter to be acquired, and asked judgment accordingly.

The trial court found that plaintiff had paid over to defendant the Swiss francs for investment and that defendant had commingled the same with his funds and invested said moneys. The court found that the allegations of paragraph VII of plaintiff's complaint above set out were true. The court also found that defendant had retained exclusive possession of the properties described in the plaintiff's petition and had not accounted to plaintiff for any of the rents, issues or profits thereof, but that plaintiff on June 6, 1929, had signed and executed written instruments by which she surrendered, transferred and delivered any and all interest that she had in all said property to defendant. The court concluded that plaintiff should take nothing by her complaint and that the defendant should have judgment for his costs. Judgment was rendered accordingly. It is from this judgment that plaintiff appeals.

The first contention of plaintiff is that a joint tenancy cannot be terminated by a mere assignment of one joint tenant to another, and in this behalf she says "that one joint tenant can terminate and sever the joint tenancy by deeding

to a *stranger*, but a joint tenant cannot bind his co-tenant by any contract which he may make relating to the common property. (*Oberwise* v. *Poulos,* 124 Cal. App. 247, at page 251 [12 Pac. (2d) 156], and cases therein cited.)'' At the outset it should be observed that whether one joint tenant can bind the *other* by a contract which *he* may make relating to the other's property is wholly beside the question. The plaintiff cites to us no authority to sustain her actual contention and we know of none. In California the law is that a joint tenancy may be severed and ended by a conveyance by one of the tenants of his share. (Ten-Year Supp. to Cal. Jur., vol. 4, p. 376, sec. 7.) We see no reason either in common sense or morals why the conveyance may not be from one joint tenant to the other. It is the rule in other jurisdictions that such tenancy may be terminated either by mutual agreement between the parties or by any conduct or course of dealing sufficient to indicate that all parties have mutually treated the joint tenancy as terminated. (33 C. J. 909, sec. 11, and cases cited.)

It is the next contention of the plaintiff that the evidence shows that at the time said assignments were made it was not the intention of the parties to release the interest in the joint tenancy properties which the defendant held. The answer is that this was a question of fact for the trial court to determine, and that there is substantial evidence to sustain the implied finding of the trial court that plaintiff so intended. Plaintiff argues this and other questions of fact as if she were having a retrial in this court. She presents the evidence which is favorable to herself, but nowhere undertakes to marshal *all* the evidence bearing upon the questions or to contend that there is no substantial evidence to sustain the finding. This court will not undertake to weigh evidence. Its duty to search for evidence ceases when it finds any substantial evidence to support the findings of the trial court.

The plaintiff's next contention is that the property settlement between the parties was invalid ''on the grounds: (a) Lack of consideration; (b) Presumption of undue influence; and (c) Presumptive fraud''. In this respect the plaintiff argues as follows: ''In order to prove a post-nuptial settlement the 'act must be clear and unequivocal' (*Jennings* v. *Davis,* 31 Conn. 134; *Taggart* v. *Boldin,* 10 Md. 104). 'Good faith is the cardinal principle in contracts and trans-

actions of this character.' (30 C. J. 632, and cases cited under Annotation 26.) The testimony of Mr. Hiltbrand as to the property settlement is very vague. He claimed he paid his wife $1,200.00 altogether but was unable to prove that he gave her more than the following amount: He paid plaintiff $235.00 to buy her ticket. . . . The plaintiff in her deposition testified 'I do not know anything about a property settlement.' [Supp., p. 26.] It is apparent that there was 'no clear and unmistakable intention of the parties to barter away their rights'.'' Thus on and on plaintiff argues the weight of the evidence. But whether there was a property settlement and whether the property settlement was invalid for the reasons stated are questions of fact for the trial court. Unfortunately the trial court made no findings as to this defense. ▆▆ As to the ''presumptive fraud'', plaintiff cites no authorities to the effect that fraud is ever presumed. The cases are legion in which it is said that fraud is never presumed. (*In re Luckenbach's Estate,* 205 Cal. 292 [270 Pac. 961]; *Moore* v. *Giffen,* 110 Cal. App. 659 [294 Pac. 730]; 12 Cal. Jur. 816.)

▆▆ Plaintiff next contends that the trial court erred in not allowing an accounting and a recovery of her share of amounts collected for rents and profits by defendant. The answer is that since plaintiff had assigned all her interest in the property to defendant as his sole and separate property she had no share in the rents and profits. Plaintiff also contends that the court erred in not directing that the Swiss francs or their equivalent in value be turned over to the plaintiff. The answer again is that the court found that plaintiff had so assigned her interest in this property to the defendant.

▆▆ Plaintiff's most meritorious contention is that the court erred in not giving to her the portion of the property which the court found was acquired by defendant after the interlocutory decree and almost a year after the deed of June 6, 1929, but before the final decree was entered, and as to which the court found ''that said real property was acquired by defendant after said interlocutory decree of divorce was granted and during marriage and was not owned by him before marriage and is not property acquired by defendant by gift, bequest, devise or descent''. Such property, of

course, in the absence of any finding limiting the broad implication of the general finding, would be community property and plaintiff would be entitled to her share. (*Brown* v. *Brown,* 170 Cal. 1 [147 Pac. 1168].) It may be that the finding was an inadvertence as it is in conflict with other findings. It is contained merely in the general statement "that the allegations contained in Paragraphs VI, VII and VIII of said complaint are true", but for the purposes of this appeal we are unable to reconcile the conflict. As to this particular property the judgment must be reversed and a new trial had on the issues which are or may be joined in regard thereto.

Judgment affirmed in part and reversed in part as indicated. Each party to pay his or her own costs.

Wood, J., and Gould, J., *pro tem.,* concurred.