[Civ. No. 3127.   Fourth Dist.   Apr. 26, 1944.]

EVA M. WELLS, Respondent, v. HYMAN B. WELLS, Appellant.

Alfred Seimon for Appellant.

Mack, Werdel & Bianco for Respondent.

MARKS, J.—This is an appeal from a judgment in the sum of $1,015.50 in an action for an accounting.

Plaintiff and defendant had been husband and wife but were divorced. They owned 286 acres of land near McKittrick in Kern County. In making a property settlement they conveyed the property to their children subject to the reservation of a life estate in themselves as joint tenants. Concurrently with the deed and by way of property settlement they executed a contract containing the following:

"THEREFORE, in consideration of the premises, it is agreed that the party of the first part (defendant) shall retain the right to manage and control the said property reserved in said deed of gift during his life time; that the income derived from said premises and the use thereof during the life time of the party of the first part and party of the second part (plaintiff) shall be divided equally between the parties hereto; . . ."

It was alleged in the complaint that defendant had occupied and used the land and had produced and received money therefrom, the exact amount of which was unknown to plaintiff, and had sold water from the wells. An accounting was asked which was to include the reasonable rental value of the premises and the selling price of the water.

The complaint expressly waived recovery for any income or rental value of the property received prior to the "proper period of the statute of limitations applicable to such agreements" which was assumed by the trial judge and counsel to be four years. The complaint was filed on July 11, 1940.

The trial court found that defendant had paid plaintiff no money as the reasonable rental value of the property since November 10, 1936; that this "reasonable rental value of all said premises from the 10th day of November, 1936, to the 10th day of November, 1942, is Two Hundred Dollars ($200.00) per year," and further found that plaintiff was entitled to judgment for half this reasonable rental value, or $600. Defendant had also sold water of the value of $600, of which amount plaintiff was given judgment for $300. The

balance of the judgment is made up of accrued interest in the sum of $115.50.

Defendant admits the correctness of the portion of the judgment awarding plaintiff $300, or half of the money received for the sale of water. He maintains that the portion of the judgment for $600 for one-half of "the reasonable rental value of all of said premises" cannot be sustained under the clear language of the contract and consequently that the portion of the judgment awarding interest on this sum cannot be supported.

The trial judge construed the portion of the contract of November 10, 1936, as a promise on the part of defendant "to pay plaintiff one-half (½) of the reasonable rental value of said premises." The correctness of the judgment depends on the reasonableness of this construction of the clear terms of the contract. If the "reasonable rental value" of the premises, whether rented to others or not rented and occupied by defendant, be included within his promise to pay plaintiff one-half of the "income derived from said premises and the use thereof," the judgment must be affirmed. On the other hand if the "reasonable rental value" when the property was not rented but occupied by defendant is not "income" this portion of the judgment is erroneous for the terms of the contract are clear and the trial court cannot place a contractual obligation on defendant which he did not agree to perform.

The obligation is to pay one-half of the *income* derived from the premises and the use thereof. It is clear that it is only one-half of the *income* from the property or from its use that must be paid to plaintiff. We think it clear that this income may be derived from the property, or its use, either by defendant himself or by his tenant or other person operating the property for or under him. Still it is only one-half of the *income* that must be paid plaintiff. As the question is not argued we need not decide whether he should pay her one-half of the gross or the net income received by him. This question is not clearly settled in the contract. ■ The important question here is to determine whether defendant may be charged with the reasonable rental value of the property during those years when he occupied it himself and received little or no return from its use.

In Black's Law Dictionary "income" is defined as, "The

return in money from one's business, labor, or capital invested; gains, profit, or private revenue."

In *Trefry* v. *Putnam* (*Tax Commr.* v. *Putnam*), 227 Mass. 522 [116 N.E. 904, 907], we find the following:

" 'Income' is the gain which proceeds from labor, business or property; commercial revenue, or receipts of any kind, including wages or salaries, the proceeds of agriculture or commerce, the rent of houses, or the return on investments; or the amount of money coming to a person or corporation within a specified time, whether as payment for services, interest, or profit from investment, its usual synonyms being 'gain', 'profit', 'revenue'."

In *Coudon* v. *Tait*, 56 F.2d 208, income was defined as the gain derived from capital or labor or effort or both. In *Diefendorf* v. *Gallet*, 51 Idaho 619 [10 P.2d 307], the Supreme Court of Idaho defined income as something derived from property, labor, skill or sound judgment or from two or more of them in combination. In *Fairchild* v. *Gray*, 136 Misc. 704 [242 N.Y.S. 192], income was held to mean that which comes in or is received from business by investment of capital irrespective of expenditures. Section 748 of the Civil Code provides as follows:

"The income of property, as the term is used in this part of the code, includes the rents and profits of real property, the interest of money, dividends upon stock, and other produce of personal property."

We think it clear that it must be held that income, as used in the contract, refers only to something of value received by defendant from the property and its use either by himself or by others for or under him and does not include the reasonable rental value of the property when that rental value was not received by him. To this extent the construction placed on the contract by the trial court was not justified and placed an obligation on defendant that he had not agreed to assume.

The portion of the record bearing upon the income received from the property during the years in question is very indefinite and uncertain. Defendant admitted having accounts showing his transactions concerning it, but was not required to bring them into court. If we understand his testimony correctly he admitted receiving money from Clemente Gallainena for sheep grazing rights on the property though exactly how much he received is not made clear. During one

year he rented the land, or some of it, and received thirty sacks of wheat as rental. He farmed the land himself another year and harvested over 500 sacks of wheat. We are not informed as to the value or selling price of the wheat.

As it appears that defendant did receive some income from the property, the amount of which cannot be determined from the record, that phase of the case should be retried and the accrued interest recomputed.

The portion of the judgment awarding plaintiff $300 for her share of the money received from the sale of water is affirmed. The portion of the judgment awarding plaintiff $600, as one-half of the reasonable rental value of the property, and $115.50 accrued interest, is reversed with instructions to the trial court to retry the issue of the income from the property received by defendant as "income" as here defined and to compute the accrued interest on the sum of $300, and on the income, if any, from the property, and enter a judgment for plaintiff accordingly. Neither party will recover costs of appeal.

Barnard, P. J., and Griffin, J., concurred.