[L. A. No. 19818.   In Bank.   Aug. 5, 1947.]

HAROLD L. HAMMOND, as Administrator, etc., Appellant,
v. ALBERTA JUNE McARTHUR, Respondent.

Vincent Scott for Appellant.

Donald J. Dunne for Respondent.

EDMONDS, J.—Nettie Rowley, a widow, and Alberta June McArthur, an unmarried woman, took title to certain real property as joint tenants. Later, Miss McArthur conveyed to Mrs. Rowley a life estate in the land, with the right to all of its rents and profits. Upon the death of Mrs. Rowley, the administrator of her estate unsuccessfully sued to quiet title to an undivided one-half interest in the property, and his appeal from the adverse judgment presents only the question as to the effect of Miss McArthur's deed.

The essential facts are undisputed. When Miss McArthur was seven years of age, she went to live with Mrs. Rowley, who was her great-aunt. For about 21 years prior to Mrs. Rowley's death, they resided on the property, the title to which is now in controversy.

In 1939, Mrs. Rowley conveyed the land to Miss McArthur and herself as joint tenants. Two years later, Mrs. Rowley and her niece joined in a grant deed to the latter. After about a month, the niece and her aunt, by deed, replaced the title in themselves as joint tenants. This was in May, 1941. The last conveyance between the parties was made in August or October of the same year, when Miss McArthur conveyed to Mrs. Rowley a life estate, together with the right to all of the rents, and profits of the property. It appears from the evidence that the deed of May, 1941, and the one subsequently executed by Miss McArthur, were made at the insistence of "a representative of the Old Age Pension."

Title to the property was quieted in Miss McArthur. The trial court found that the "decedent prior to the time of her death and for a long period prior thereto was the owner in joint tenancy" of the property in question, and "that upon the death of said decedent, said joint tenancy interest terminated and that the . . . title . . . vested in . . . Alberta June McArthur in fee simple; . . . ." The appeal is from the judgment entered upon these findings.

As grounds for the reversal of the judgment, the appellant contends that Miss McArthur's conveyance of the life estate

to her aunt terminated the joint tenancy and she and her aunt thereby became tenants in common. More particularly, the administrator claims that the conveyance of the life estate destroyed the unities necessary to a joint tenancy. The intention of the parties to a deed is to be gathered from the instrument itself, he contends, and parol evidence is not admissible to explain an unambiguous instrument. Therefore, he asserts that an undivided one-half interest in the land is property owned by Mrs. Rowley which is subject to administration and distribution in her estate.

Miss McArthur takes the position that the transfer of the life estate neither enlarged nor diminished the title then held by the parties, and the unities were not thereby destroyed. As a lease does not terminate a joint tenancy, the argument continues, neither will a conveyance of a life estate, nor a transfer of the right of possession sever a joint tenancy. The grant of the life estate did not convey to the cotenant anything which she did not already possess and this estate was not repugnant to the rights of survivorship. Furthermore, Miss McArthur concludes, there is evidence to support the implied finding that the parties to the various deeds did not, by executing and delivering these conveyances, intend to sever the joint tenancy.

For the creation of a joint tenancy, four unities are required, namely, unity of interest, unity of title, unity of time, and unity of possession, and the absence of any one of these elements ordinarily will change the nature of the estate. (*McDonald* v. *Morley,* 15 Cal.2d 409, 412 [101 P.2d 690, 129 A.L.R. 810]; *Siberell* v. *Siberell,* 214 Cal. 767, 771 [7 P.2d 1003]; see 2 Tiffany, Real Property [3d ed., 1939], § 418, p. 196; 4 Thompson on Real Property [Perm. ed. 1940], § 1776, p. 312; 48 C.J.S., Joint Tenancy, § 4, p. 927. The right of survivorship is an important incident of a joint tenancy relationship. (*McDonald* v. *Morley, supra,* p. 412; *Siberell* v. *Siberell, supra.*) It is conceded that, in the present case, a joint tenancy in fee simple was created, and the only question for decision is whether or not the granting of a life estate by one joint tenant to the other severs the joint tenancy insofar as the right of survivorship is concerned.

The decisions in the various jurisdictions are not entirely uniform in their holdings regarding the acts of a joint tenant which terminate or sever the joint tenancy relationship. But it is established law that a voluntary conveyance to a stranger of the entire interest of a joint tenant, severs

the joint tenancy relationship. (*Delanoy* v. *Delanoy,* 216 Cal. 23, 26 [13 P.2d 513]; *Green* v. *Skinner,* 185 Cal. 435, 438 [197 P. 60]; *Hiltbrand* v. *Hiltbrand,* 13 Cal.App.2d 330, 333 [56 P.2d 1292]; *Tilden* v. *Tilden,* 81 Cal.App. 535, 542 [254 P. 310]; see 2 Tiffany, op. cited, *supra,* p. 209; 4 Thompson, op. cited, *supra,* p. 317; note 129 A.L.R. 813, 814.) Such a tenancy is also terminated when one joint tenant conveys his entire interest to the other joint tenant. (*Estate of Harris,* 9 Cal.2d 649, 659 [72 P.2d 873]; 2 Tiffany, op. cited, *supra,* p. 211; 4 Thompson, op. cited, *supra,* p. 317.) It has been held that an agreement between two joint tenants whereby they agree to a different disposition of the property than that of survivorship terminates the relationship. (*McDonald* v. *Morley, supra,* p. 412.) And in *Reiss* v. *Reiss,* 45 Cal.App.2d 740 [114 P.2d 718], it was held that a joint tenancy was terminated when one joint tenant transferred his entire interest in the estate to a trustee for the use and benefit of the grantor.

By the filing of an action in partition, an estate in joint tenancy is not terminated, but the judgment in such an action brings about that result. (*Dando* v. *Dando,* 37 Cal.App.2d 371, 372 [99 P.2d 561]; see 4 Thompson, op. cited, *supra,* p. 316; 48 C.J.S. 928; note 129 A.L.R. 813, 817.) Likewise, a judgment lien against a joint tenant's interest does not sever the joint tenancy, although a sale upon execution of the judgment has that effect. (*Young* v. *Hessler,* 72 Cal.App.2d 67, 69 [164 P.2d 65]; *Zeigler* v. *Bonnell,* 52 Cal.App.2d 217 [126 P.2d 118]; *Pepin* v. *Stricklin,* 114 Cal.App. 32, 35 [299 P. 557]; *Hilborn* v. *Soale,* 44 Cal.App. 115 [185 P. 982]; see 2 Tiffany, op. cited, *supra,* p. 211; 4 Thompson, op. cited, *supra,* p. 318; 48 C.J.S. 928.)

In jurisdictions where a mortgage ordinarily operates to transfer the legal title, a mortgage by a joint tenant causes a severance of the joint tenancy. (2 Tiffany, op. cited, *supra,* p. 210; note 129 A.L.R. 813, 817.) Also, in some states where a mortgage is regarded as mere security, a mortgage by a joint tenant brings the tenancy to an end. (See 2 Tiffany, op. cited, *supra,* p. 210; note 129 A.L.R. 813, 817.) However, that conclusion is not in accord with the common law authorities to the effect that the creation by a joint tenant of a mere charge upon the land is a nullity as against the right of survivorship of the other joint tenant. (See 2 Tiffany, op. cited, *supra,* pp. 210, 211.)

■ If one of three or more joint tenants conveys his interest to a third person, the latter then becomes a tenant in common, instead of a joint tenant, with the other, although such others remain joint tenants as between themselves. (See *Estate of Galletto,* 75 Cal.App.2d 580, 587 [171 P.2d 152]; 2 Tiffany, op. cited, *supra,* p. 209.) ■ But joint tenants may contract with each other concerning the exclusive possession and division of income from the property and this will not necessarily terminate the joint tenancy. (*Wells* v. *Wells,* 64 Cal.App.2d 113 [148 P.2d 126]; *Tindall* v. *Yeats,* 392 Ill. 502 [64 N.E.2d 903]; see 48 C.J.S. 933; 33 C.J. 911. ■ And a lease by one joint tenant for a term of years will not effect a complete severance of the tenancy. (See *Swartzbaugh* v. *Sampson,* 11 Cal.App.2d 451, 454 [54 P.2d 73]; 2 Tiffany, op. cited, *supra,* p. 210.) ■ As stated by text writers, when one of two joint tenants in fee simple makes a conveyance of his interest for life, upon the termination of the life interest, the joint tenancy, as it originally existed, revives. (See 2 Tiffany, op. cited *supra,* p. 209; 25 Cal.L.Rev. 207, 208.)

■ Applying these principles to the facts shown by the present record, and excluding from consideration the parol evidence received for the purpose of explaining the intention of the parties in executing the deed, the release of the life estate in favor of Mrs. Rowley did not terminate the joint tenancy for the purposes of survivorship.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., and Spence, J., concurred.

SCHAUER, J.—I concur in the judgment on the ground that the conveyance, or attempted conveyance, by one joint tenant to the other, of a life estate in the joint tenancy property does not destroy any essential element of the joint tenancy.

Carter, J., concurred.