[Civ. No. 26003. Second Dist., Div. Three. Feb. 8, 1963.]

CHARLES TOTH, Plaintiff and Appellant, v. FRANK CRAWFORD, Defendant and Respondent.

Charles Toth, in pro. per., for Plaintiff and Appellant.

Sidney E. Baskin and Harry B. Seelig for Defendant and Respondent.

FILES, J.— This is an action to have a deed declared a mortgage. The complaint alleges as follows: That plaintiff is the only child, sole heir, and sole beneficiary of Erma Toth, who died April 28, 1960. On June 8, 1959, Erma Toth executed an instrument which on its face purported to convey her home to Erma Toth and Frank Crawford (defendant herein) as joint tenants. The complaint alleges that this conveyance was intended to be a mortgage to secure a loan of $6,700, that there was no intention to sell the property, and that Erma Toth at all times retained possession and control of the property until her death. The prayer was for a declaration that the property was owned solely by

Erma Toth at the time of her death, subject to a lien for a repayment of defendant's loan.

The answer admits the execution of the deed, denies there was any loan, and alleges that defendant purchased his joint-tenancy interest for $6,900 cash. Defendant filed a cross-complaint asking that his title as surviving joint tenant be quieted against the claims of the plaintiff.

The pretrial order recites that since the filing of the complaint plaintiff has been appointed the administrator with the will annexed of the estate of Erma Toth, deceased, and that "the parties are agreed that the plaintiff may bring this action as heir and that it is not necessary to substitute himself as such administrator." Since defendant is not appealing, it is unnecessary to consider the effect of this order.

After a trial before the court sitting without a jury, the court made findings of fact and gave judgment in favor of the defendant and cross-complainant, declaring that defendant held the property as surviving joint tenant.

██ Weighing the evidence and determining the facts is the function of the trial court alone. This appellate court must accept those findings if there is in the record any substantial evidence to support them. If there is such evidence, any conflicting evidence must be disregarded on appeal (*Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140, 142 [134 P. 1157].)

██ Here the evidence amply supports the findings and judgment. It appears that in the spring of 1959 Mrs. Toth was in ill health, her property was encumbered, her taxes were delinquent, and she had no money with which to make the monthly payments. Defendant paid $6,900 through an escrow to discharge the encumbrance on the property, and in return Mrs. Toth executed the joint tenancy deed. Defendant denied that there was any loan or any promise to repay any part of the $6,900. Before the papers were signed the escrow officer who handled the transaction discussed with plaintiff, Mrs. Toth, and defendant the fact that defendant would become sole owner by survivorship if Mrs. Toth died first, and all of them so understood.

Defendant conceded that he had orally agreed with Mrs. Toth that she would have the exclusive use and occupancy. From this plaintiff argues that a true joint tenancy could not have been created because joint tenancy involves unity of possession. ██ This argument is unavailing because it is settled that joint tenants may contract, as between themselves, that one shall have exclusive possession, and such a

contract does not destroy the other consequences of the joint-tenancy form of ownership. (*Hammond* v. *McArthur*, 30 Cal.2d 512 [183 P.2d 1].) This is true even though the contract for possession is contemporaneous with the creation of the joint tenancy. (*Taylor* v. *Taylor*, 197 Cal.App.2d 781, 787 [17 Cal.Rptr. 512]; *Tindall* v. *Yeats*, 392 Ill. 502 [64 N.E. 2d 903].)

In a closing brief filed by plaintiff in propria persona after he had substituted his attorney out of the case, plaintiff argues that the deed was obtained by fraud, and that his mother was insane. ▮▮▮ No such issues were raised by the pleadings or the pretrial statement, nor was the case tried on any such theories. This appellate court, in reviewing the record of the trial court to determine whether the trial court committed any errors of law, cannot consider these contentions. (*Knapp* v. *City of Newport Beach*, 186 Cal.App.2d 669, 679 [9 Cal.Rptr. 90].) The record has been reviewed and it contains no error.

A separate appeal may not be taken from the order denying a new trial. The purported appeal therefrom is dismissed.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.