[Civ. No. 11320. First Appellate District, Division Two.—February 19, 1940.]

SUSIE MAY DANDO, Plaintiff; EDMUND NICHOLS, as Executor, etc., Appellant, v. ALBERT B. C. DANDO, an Incompetent Person, etc., Respondent.

Philip C. Farman for Appellant.

W. Blair Gibbens for Respondent.

STURTEVANT, J.—From a part of the judgment in an action in partition Edmund Nichols, executor of the estate of Susie May Dando, deceased, substituted in place and stead of Susie May Dando, deceased, has appealed.

On April 13, 1934, Susie May Dando filed a complaint in partition. She named as defendants Albert B. C. Dando, Edmund Nichols, Jr., guardian of Albert B. C. Dando, and Frances A. Berry. In her complaint she described six separate parcels of land. At the time said action was commenced plaintiff and Albert B. C. Dando were husband and wife and plaintiff alleged they were the joint tenants of said properties. She also alleged that Albert B. C. Dando was at said time an incompetent and that Edmund Nichols, Jr., was

his guardian. On the 13th of April, 1934, Albert B. C. Dando, by his guardian, filed an answer. Later Edmund Nichols, Jr., was removed as the guardian of Albert B. C. Dando and John W. Woodward was appointed. On March 12, 1936, John W. Woodward filed an amended answer for the said Albert B. C. Dando. Among other things in that answer John W. Woodward alleged his substitution as guardian and also alleged that on the 29th day of April, 1934, the plaintiff Susie May Dando died. On July 13, 1934, Edmund Nichols, as executor of the estate of Susie May Dando, deceased, was substituted in place and stead of said Susie May Dando. The action was tried on the issues made by said pleadings and judgment was rendered on the 29th day of June, 1936. By the terms of the judgment parcels 1, 2, 3, 4, and 5, were awarded to the defendant Albert B. C. Dando, and the parcel described as number 6 was awarded to the plaintiff. No appeal has been taken from the judgment as to the latter parcel but the plaintiff appeals from all other parts of the judgment.

The plaintiff contends the court erred in rendering judgment against the plaintiff and decreeing that the plaintiff has no interest in said five parcels of property and in not proceeding with a partition or sale of said properties. The contention is entirely without merit. That plaintiff's complaint stated a cause of action as to each parcel as of the date plaintiff's complaint was filed is not controverted. However, after that date the plaintiff died. The above-mentioned amended answer, as appears from the allegations contained in it, was both an amended and a supplemental answer. Among other things it brought before the trial court the fact that the plaintiff had died since the action was commenced. Upon hearing the respective parties, and when it transpired that the plaintiff had died before the date of the trial, it is patent there was nothing left to partition. That is so because upon the death of Susie May Dando, her husband, Albert B. C. Dando, became the sole owner of the entirety by survivorship and in virtue of the original grant creating the tenancy. That was the common-law rule and it obtains in this state except as modified by statute. (7 Cal. Jur. 335, ''Cotenancy'', sec. 4.) We have no statute declaring that the mere

fact one joint tenant files an action in partition works a severance of the tenancy.

The portion of the judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.