[Civ. No. 18369.   Second Dist., Div. One.   Nov. 5, 1951.]

AURA KING, Appellant, v. GRACE HAYNES KING, Individually and as Executrix, etc., Respondent.

Lester E. Hardy and Jacob Chaitkin for Appellant.

S. Ward Sullivan and Frank Alef for Respondent.

DRAPEAU, J.—Preshaw Duke King and Grace Haynes King, husband and wife, acquired a home as joint tenants using community funds for its payment.   About the same time, husband borrowed $5,000 on his personal note from his sister, Aura King.   Then husband died and his wife qualified

as executrix of his estate, the assets of which were less than the amount of the note. Aura King presented her claim in the estate and it was disallowed by executrix.

By this action said sister sought a judgment against the estate for the amount of the note, plus interest and attorney's fees; and also "that the property held in joint tenancy by Preshaw Duke King and Grace Haynes King . . . be declared community property and the executrix be required to inventory same."

Plaintiff Aura King testified that she lent her brother the $5,000 represented by the promissory note here sued upon because he had bought a house and needed it.

Defendant testified that the price of the joint tenancy property acquired on August 30, 1946, was $27,000 of which $21,000 was paid in cash taken from a joint safe deposit box; that this money was earned by her husband who had "worked for it over the years. That was his way of saving money for our home." The $6,000 balance of the purchase price was borrowed from a bank and secured by a trust deed.

The complaint alleged on information and belief that this $6,000 loan was paid off on December 5, 1946, and that the $5,000 borrowed from plaintiff sister was used for that purpose. Further "that the payment of this money to extinguish a lien on the jointly owned property above described was a planned method of hindering plaintiff in the collection of the amount represented by said note. That said act was fraudulent in intent and that Grace Haynes King was an informed party to said plan."

It was found that except for $4,500, no other funds of any kind or nature were contributed by defendant wife to either the joint account of herself and husband or the purchase price of the joint tenancy property, and that deposits in the said account and the money paid for the home were entirely community funds.

It was also found that the final payment on the joint tenancy property, to wit: $5,950.83 made on December 5, 1946, "was made from community funds on deposit in a joint bank account in the name of Preshaw Duke King and Grace Haynes King."

Judgment was for plaintiff against the estate for the full amount prayed for. However, the trial court ruled that the home, which was held in joint tenancy, was not part of the estate, and that plaintiff was not entitled to a judgment against Grace Haynes King personally.

This appeal is taken by plaintiff from that portion of the judgment which denied the relief she sought from the joint tenancy property.

The sole question presented, says the appellant, is whether under the facts the trial court should have found that the home place was community property, and subject to payment of the note sued upon.

As said by this court in *Estate of Zaring*, 93 Cal.App. 2d 577, 579 [209 P.2d 642] : "Survivorship is one of the incidents of joint tenancy, and unless the estate is terminated before the death of the joint tenant, the executor of the decedent has no interest in the property. (*Dando* v. *Dando*, 37 Cal.App.2d 371 [99 P.2d 561].)" In other words, upon the death of the joint tenant, the survivor "becomes the sole owner of the entirety, not by descent, but by survivorship, and in virtue of the original grant creating the tenancy." 7 California Jurisprudence 334, section 4.

The fact that a deed "was taken in joint tenancy established a prima facie case that the property was in fact held in joint tenancy." (*Cox* v. *Cox*, 82 Cal.App.2d 867, 870 [187 P.2d 23].)

The complaint herein does not allege, nor was it proved, that husband and wife ever intended to hold the house they bought for their home as community property, although it was purchased with community funds.

In *Siberell* v. *Siberell*, 214 Cal. 767, 773 [7 P.2d 1003], it was held: "The use of community funds to purchase the property and the taking of title thereto in the name of the spouses as joint tenants is tantamount to a binding agreement between them that the same shall not thereafter be held as community property but instead as joint tenancy with all the characteristics of such an estate." See, also, *In re Rauer's Collection Co.*, 87 Cal.App.2d 248, 256-7 [196 P.2d 803] ; *Rogers* v. *Rogers*, 86 Cal.App.2d 817, 821 [195 P.2d 890], citing *Tomaier* v. *Tomaier*, 23 Cal.2d 754, 758 [146 P.2d 905].

"When property is conveyed to a husband and wife as joint tenants, the form of the conveyance is such as to destroy the statutory presumption that the property is community (*Siberell* v. *Siberell*, 214 Cal. 767 [7 P.2d 1003]), and that thereby such deed creates a joint tenancy in which the interests of husband and wife are separate property. (*Young* v. *Young*, 126 Cal.App. 306 [14 P.2d 580].) Appellants have shown nothing to take the present case out of this rule, or to bring it within the rule stated by this court in *Cummins* v.

*Cummins,* 7 Cal.App.2d 294 [46 P.2d 284], that 'a conveyance . . . to a husband and wife as joint tenants does not necessarily . . . preclude the idea of their holding the same as community property.' " (*Launer* v. *Griffen,* 60 Cal.App.2d 659, 664 [141 P.2d 236].)

Likewise here, the evidence is not sufficient to take the case out of the rule above stated. Before appellant lent the money to her brother, the property in question had been acquired by him and respondent as joint tenants. Upon the death of the brother, the title to the property vested in respondent by virtue of the original grant creating the tenancy. As a consequence, the said property was not a part of the brother's estate.

For the reasons stated, the judgment is affirmed.

White, P. J., and Doran, J., concurred.