[Civ. No. 21291. Second Dist., Div. Three. Mar. 5, 1956.]

LAMBERT COLE, as Administrator, etc., Respondent, v.
LOUISE H. COLE, Appellant.

Draper, Porter & Kramer and Herbert L. Porter for Appellant.

Hahn & Faith and Alvin W. Hahn for Respondent.

VALLÉE, J.—Appeal by defendant from a judgment for plaintiff in a suit to quiet title to an undivided half interest in a parcel of realty. Defendant also appeals from the order denying her motion for a new trial. That order is nonappealable and the appeal therefrom must be dismissed.

Defendant Louise Cole and Cornelius Cole were married in 1935. Prior to their marriage and during their engagement they bought the property in question. Defendant furnished all of the purchase price, which she paid in installments of $15 a month. It was purchased as a place for her parents to live. Title was taken in the name of Cornelius. On October 26, 1945, by a conveyance, title was vested in defendant and Cornelius as joint tenants.

Later defendant and Cornelius were divorced. While the divorce action was pending they entered into a property settle-

ment agreement. The agreement was drawn by the attorney for Cornelius. It contained these provisions:

"3. That there is certain real property located at 344 West Colorado Street, Monrovia, California, and described as follows to-wit:

[Description]

which said property is owned an undivided one-half interest thereof by the wife, and an undivided one-half interest thereof by the husband; that if either owns less than an undivided one-half interest in said real property then the one owning more than an undivided one-half interest therein hereby grants unto the other such percentage of said real property so that from and after the date hereof each party hereto will own an undivided one-half interest in and to the said real property.

"That said husband is now occupying said real property and shall be under no obligation to pay to the wife any rental for the use thereof; that said husband, at his own sole expense, keep said property in a state of good repair, fully insured, keeping all taxes, liens and assessments thereon fully paid, provided, however, the foregoing use of the real property, without expense to the husband other than the repair, upkeep, the payment of taxes, liens and assessments, shall cease if said husband rents or sublets the said premises or any portion thereof, sells, encumbers or otherwise transfers said real property."

"The husband shall have the exclusive right to live in the family home located on the real property mentioned in Paragraph 3 hereof as long as he shall live or desire, provided, however, that he shall not sell or convey his interest in said real property or rent or sublet the said premises, or any portion thereof, or encumber or otherwise transfer said property."

Following the divorce Cornelius occupied the property until his death. The record does not show the date of death. Plaintiff is the administrator of his estate and brought this suit to quiet title to a half interest in the property. Judgment was for plaintiff, from which defendant appeals.

Defendant's contention is that there was no termination of the joint tenancy and that on the death of Cornelius she became the owner of the entire interest in the property in fee. Plaintiff's brief is of no help in solving the problem. As best we are able to gather, he contends the property settlement agreement terminated the joint tenancy and that at the death of Cornelius the parties held the property as tenants

in common. It is conceded that a joint tenancy was created. The question is whether the property settlement agreement terminated the joint tenancy. We have concluded it did not.

■ Survivorship is one of the incidents of joint tenancy; and unless the estate is terminated before the death of a joint tenant, the decedent's administrator has no interest in the property. (*Dando* v. *Dando*, 37 Cal.App.2d 371, 372 [99 P.2d 561].) ■ A joint tenancy may be terminated by agreement of the parties. (*Estate of Zaring*, 93 Cal.App.2d 577, 579-580 [209 P.2d 642].) ■ A contract between joint tenants concerning the exclusive possession of the property will not necessarily terminate the joint tenancy. (13 Cal.Jur. 2d 305, § 18.) A lease for a term of years by one joint tenant to a stranger will not effect a complete severance of the joint tenancy. (*Swartzbaugh* v. *Sampson*, 11 Cal.App.2d 451, 454-462 [54 P.2d 73].) In *Hammond* v. *McArthur*, 30 Cal.2d 512 [183 P.2d 1], one joint tenant conveyed to the other a life estate in the property with the right to all of its rents and profits. The court held that the granting of the life estate did not terminate the joint tenancy insofar as the right of survivorship was concerned. The court stated (p. 516) :

"But joint tenants may contract with each other concerning the exclusive possession and division of income from the property and this will not necessarily terminate the joint tenancy. [Citations.] And a lease by one joint tenant for a term of years will not effect a complete severance of the tenancy. [Citations.] As stated by text writers, when one of two joint tenants in fee simple makes a conveyance of his interest for life, upon the termination of the life interest, the joint tenancy, as it originally existed, revives. [Citations.] Applying these principles to the facts shown by the present record, and excluding from consideration the parol evidence received for the purpose of explaining the intention of the parties in executing the deed, the release of the life estate in favor of Mrs. Rowley did not terminate the joint tenancy for the purposes of survivorship." (Also see *Fish* v. *Security-First Nat. Bank*, 31 Cal.2d 378, 387-388 [189 P.2d 10] ; anno : 129 A.L.R. 813 ; "Joint Tenancy" by Albert M. Cross, 19 Los Angeles Bar Bulletin, 389.)

The property settlement agreement neither enlarged nor diminished the title then held by the parties. There was no evidence of any agreement between defendant and the decedent to terminate the joint tenancy. There is no language in the agreement indicating the parties thereto intended to

destroy the existing joint tenancy. Joint tenancy is a joint interest owned by two or more persons in equal shares. (Civ. Code, § 683.) ▉ The cotenants have equal interests among themselves. (*Wallace* v. *Riley*, 23 Cal.App.2d 669, 676 [74 P.2d 800].) ▉ The principal and distinguishing incident of joint tenancy is the right of survivorship. (13 Cal.Jur.2d 301, § 16.) ▉ The language in the agreement that the property "is owned an undivided one-half interest thereof by the wife, and an undivided one-half interest thereof by the husband" is merely a statement that the parties owned the property in equal shares. It is not inconsistent with a joint tenancy. Each party could at that time have conveyed an undivided half interest. ▉ The only grant in the instrument is that if either owns less than a half interest the party owning more than a half interest grants unto the other enough to make it a half interest. Since the parties owned the property in equal shares, this language was surplusage. No interest was conveyed by the agreement. The agreement is clear that the parties did not intend to terminate the joint tenancy. Uncontradicted evidence introduced by plaintiff supports this conclusion.[1] (See *In re Rauer's Collection Co.*, 87 Cal.App.2d 248, 257-258 [196 P.2d 803].) The provision "that he shall not sell or convey his interest in said real property or rent or sublet the said premises, or any portion thereof, or encumber or otherwise transfer said property" manifestly indicates an intent not to terminate the joint tenancy but to preserve it. It was the evident intent of the parties to provide living quarters for the decedent during his lifetime without affecting the title to the property in the event of the death of one of the joint tenants. (*Gillette* v. *Nicolls*, 121 Cal.App.2d 185, 189 [262 P.2d 856].)

▉ One of the essential unities of a joint tenancy is that of possession. (*Siberell* v. *Siberell*, 214 Cal. 767, 771 [7 P.2d 1003].) ▉ A contenant of real property has a right to take possession of the whole, subject to the equal right of his

---

[1]Defendant testified:

"Q. BY MR. HAHN [attorney for plaintiff]: This is your handwriting here, is it not? A. Yes, that is.

"Q. You gave him that at the time when you told him he could stay there the rest of his life? A. Yes.

"Q. By that, you meant he could stay there and have exclusive possession of it as long as he lived, is that correct? A. I told him he could live there as long as he lived and I expected that if anything happened to either one of us——

"MR. HAHN: I will introduce this as Plaintiff's next—— A. ——that it would belong to the other person."

companion in interest. (13 Cal.Jur.2d 310, § 23.)  The fact that defendant gave the decedent possession of the property until his death did not destroy the joint tenancy. (*Cf. Edwards* v. *Edwards*, 90 Cal.App.2d 33, 43 [202 P.2d 589].) Possession by one joint tenant is possession by all. "Ordinarily one joint tenant out of possession cannot recover exclusive possession of the joint property from his cotenant. (*Jamison* v. *Graham*, 57 Ill. 94.) He can only recover the right to be let into joint possession of the property with his cotenant." (*Swartzbaugh* v. *Sampson*, 11 Cal.App.2d 451, 454 [54 P.2d 73].) What the parties agreed to was simply this: defendant gave up her right to be let into joint possession and gave the decedent exclusive possession for his life in consideration of which he gave up his right to convey his interest, agreed at his sole expense to keep the property in good repair, fully insured, and pay all taxes, liens, and assessments; in other words, he gave up his right to terminate the joint tenancy during his life. The parties did not terminate the right of survivorship.

The appeal from the order denying a new trial is dismissed; the judgment is reversed.

Shinn, P. J., and Wood (Parker), J., concurred.