[Civ. No. 21730.   Second Dist., Div. Three.   Mar. 1, 1957.]

FILOMENA   DELGATO   KIPLINGER,   Respondent,   v.
CLARK   W.   KIPLINGER,   Appellant.

Tanner, Thornton & Myers and John Bricker Myers for Appellant.

Abe Richman for Respondent.

WOOD (Parker), J.—Action to quiet title to real property or, in the alternative, for partition. Judgment was that plaintiff owns the property as her separate property. Defendant appeals from the judgment.

Appellant contends that the evidence does not support the findings.

Plaintiff and defendant were married in September, 1949. In January, 1950, they acquired record title to real property (house and lot) in Encino by a deed which recited that the property was conveyed to them "as joint tenants." In acquiring the property, a down payment of $351.96 was made, and plaintiff and defendant executed a note and a trust deed for a G. I. loan in the amount of $9,500. The unpaid balance of the loan at the time of trial was $8,337.49. Plaintiff obtained an interlocutory divorce on April 22, 1953. In the divorce action plaintiff alleged that the property was community property. No disposition of the property was made in the divorce action. The present action was filed April 12, 1954.

The allegations in the cause of action to quiet title were, in part, that: Title to the property was inadvertently placed in the names of the parties as joint tenants. It was the intent of the parties that the property be the property of

plaintiff inasmuch as plaintiff furnished the entire consideration therefor and had made all the payments on the encumbrance which was placed upon the property at the time of the purchase. Defendant claims an interest in the property. Plaintiff does not believe that defendant has any interest in the property.

In his answer, defendant denied those allegations and he requested a partition of the property.

Plaintiff testified that: She was living on the property at the time of trial and had lived there continuously since February, 1950. Defendant also lived there from February, 1950, until the early part of 1952, with the exception of an eight-month period commencing in August, 1950. He had not lived there since the early part of 1952. When defendant left in August, 1950, and when he moved out in 1952, he stated that he did not want any part of the house, that all "he wanted was his name taken off his G. I. loan so he could re-use it." She (plaintiff) made the down payment of $351.96, and all the payments which were payable on the loan since the purchase. Defendant did not turn any money over to her, and the funds of the parties were not commingled in a bank account. She had maintained the property since early in 1952, and the improvements she made thereon included painting, gardening, and installing a fence. Her two children by a previous marriage lived with her. She was employed as a waitress during the time she was married to defendant. She obtained a final decree of divorce from defendant.

Defendant testified that: The payments made on the house during the time that he lived there were made from a checking account in which his funds were deposited. He lived with plaintiff from November, 1949, until April, 1952, with the exception of a six-month period commencing in April, 1950. He had made no contribution toward the payments on the house since April, 1952. When he left in 1950, he probably did say to plaintiff that he wanted nothing to do with the house, that he wanted no part of it, and that all he wanted was to be relieved of the responsibility of being on the note because some day he might wish to use his G.I. loan for the purchase of another house. When he left in 1952, he did not make substantially the same statement. He had no conversation with plaintiff when he left in 1952.

The court found, among other things, that the title to the property was inadvertently placed in the names of plaintiff and defendant as joint tenants, and that it was the intent

of the parties that the property be the property of plaintiff inasmuch as she furnished the entire consideration therefor and has made all the payments on the encumbrance; that defendant has no interest in the property; and plaintiff is the owner of the property as her separate property.

Defendant contends that the evidence does not support those findings.

The fact that the deed was taken in joint tenancy established a prima facie case that the property was in fact held in joint tenancy. (*King* v. *King,* 107 Cal.App.2d 257, 259 [236 P.2d 912].) There was a presumption that the title to the property was as described in the deed and the burden was on plaintiff to rebut that presumption. (*Schindler* v. *Schindler,* 126 Cal.App.2d 597, 601-602 [272 P.2d 566].) The presumption arising from the form of the deed could not be rebutted solely by evidence as to the source of the funds used to purchase the property. (*Gudelj* v. *Gudelj,* 41 Cal.2d 202, 212 [259 P.2d 656].) There was no other evidence to rebut the presumption arising from the form of the deed. Testimony to the effect that, about six months after the deed was made and also about two years after it was made, defendant said he did not want any part of the property was not evidence that the deed was inadvertently made in the names of the parties as joint tenants. There was no evidence of fraud or mistake. There was no evidence that title was inadvertently taken in the names of the parties as joint tenants or that it was the intent of the parties that the property be the separate property of plaintiff. Plaintiff stipulated that in the divorce action she "thought and alleged" that the property was community property. In addition to the down payment of $351.96, the property was purchased by means of a G.I. loan, which loan was obtained on defendant's eligibility therefor. It appeared from the testimony of plaintiff that defendant had not been relieved from liability on that loan. The findings, above referred to, are not supported by the evidence.

Respondent (plaintiff) asserts that the judgment should be upheld because the answer did not present a triable issue. Her argument is that defendant, in his answer, denied that he has any interest in the property, and therefore that he cannot complain of the finding that he has no interest in the property. As above shown, the complaint alleged among other things that defendant claims an interest in the property,

and plaintiff does not believe that defendant has any interest in the property. Those allegations of the complaint were in a paragraph which contained several other allegations. In his answer, defendant referred to that paragraph and certain lines therein, and then stated that he "denies generally and specifically" those allegations. By such a denial he denied the allegation that he claims an interest in the property. It is to be noted, however, that in his answer he also stated that he joins plaintiff in the request for partition of the property. In the prayer of his answer, he asked that the property be sold and the proceeds be distributed equally between the parties. It thus appears that, even though defendant made a denial of interest by a general reference to certain lines of the complaint, the answer of defendant also asserted that he claimed an interest in the property. Defendant testified that: "My contention is that I have an interest in the property." Counsel for plaintiff cross-examined defendant as to the basis for his contention. The case was tried on the theory that defendant claimed an interest in the property. It does not appear that plaintiff was misled by defendant's answer. Respondent's contention that the answer did not present a triable issue is not sustainable.

The judgment is reversed.

Shinn, P. J., and Vallée, J., concurred.