ESTATE OF VERN C. WEBER, DECEASED, ADELINE M. WEBER, ADMINISTRATRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61165.  Filed March 26, 1958.

*William J. Mazzera, Esq.,* for the petitioner.
*Edward H. Boyle, Esq.,* for the respondent.

---

OPINION.

LeMire, *Judge:* This proceeding involves a deficiency in estate tax in the amount of $13,484.55.

All of the facts were stipulated, are so found, and are incorporated herein by reference.

Adeline M. Weber is the duly appointed and acting administratrix of the Estate of Vern C. Weber, Deceased. The estate tax return was filed with the director of internal revenue at San Francisco, California.

Charles J. Weber, the father of decedent, died on November 10, 1946. The property of Charles was taxed under the provisions of the Federal estate tax law.

Certain portions of the property previously taxed were inherited by Vern C. Weber, decedent herein, who died on September 25, 1951, a resident of Lodi, California.

The estate tax return for the decedent contained in the item "Gross Estate" all joint tenancy property of decedent at date of death.

The joint tenancy property of decedent was not included in his estate for the purposes of probate under the laws of California.

The estate of decedent, at the date of death, was solvent without regard to joint tenancy property, and all debts and expenses could have been satisfied out of other property.

The deductions applied against the gross estate, in order to arrive at the net estate, included a deduction of $33,614.74 against the basic tax, and a deduction of $55,618.76 against the additional tax for property previously taxed.

In determining the deficiency the Commissioner did not allow any deduction against the basic tax and decreased the deduction against the additional tax from $55,618.76 to $6,768.79 for property previously taxed.

In petitioner's computation of the deduction for property previously taxed, joint tenancy property is treated as property subject to general claims. The respondent's computation does not treat joint tenancy property as subject to general claims within the meaning of section 812 (c) of the 1939 Code, thus enlarging the amount of the net estate. The amounts involved and the method of computation are not in dispute.

The present decedent's net estate is determined under section 812 of the Internal Revenue Code of 1939, as amended. Subsections (a) and (c) provide for a "deduction" of "property previously taxed." Previously taxed property is an amount equal to the value of any property in decedent's estate which was part of the gross estate of a person who died within 5 years prior to the death of the present decedent and upon which the estate tax was finally determined and paid. Section 812 (c) further provides:

the deduction under this subsection shall be reduced by an amount which bears the same ratio to the amounts allowed as deductions under subsections (a) [specific exemption] and (d) [charitable bequests] and the amounts of general claims allowed as deductions under subsection (b) as the amount otherwise deductible under this subsection bears to property subject to general claims. If the property includible in the gross estate to which the deductions under this subsection is attributable is not wholly property subject to general claims—

(1) before the application of the preceding sentence, the amount of the deduction under this subsection shall be reduced by that part of such amount as the value, at the time of the decedent's death, of such property (to which such deduction is attributable) subject to claims but not to general claims is of the value, at the time of the decedent's death, of such property, and

(2) in the application of the preceding sentence in reducing the balance, if any, of such deduction, "the amount otherwise deductible under this subsection" shall be only that part of such amount otherwise deductible (determined without regard to clause (1) of this paragraph) as the value, at the time of the decedent's death, of such property (to which such deduction is attributable) subject to general claims is of the value, at the time of the decedent's death, of such property.

"General claims" and "property subject to general claims" are defined as follows:

"general claims" are the amounts allowed as deductions under subsection (b) which, under the applicable law, in the final adjustment and settlement of the estate may be enforced against any property subject to claims, as defined in subsection (b), and "property subject to general claims, is the value, at the time of the decedent's death, of property subject to claims, as defined in subsection (b), reduced by the value, at the time of the decedent's death, of that part of such property against which amounts allowed as deductions under subsection (b) which are not general claims may be enforced, under the applicable law, in the final adjustment and settlement of the estate. * * *

The general purpose of the limitations in section 812 (c) appears to be to prevent the allowance of what would be a double deduction. The statute, in effect, allocates some of the property previously taxed and the specific deduction to charitable bequests, the marital deduction, taxable transfers, and payments to creditors.

In cases considered by this Court which touch upon the problem as to whether or not property was subject to claims or to general claims, the laws of the State having jurisdiction of the decedent's estate have been applied. *Estate of Emma H. Emanuel*, 9 T. C. 779; *Estate of Herbert Jermain Slocum*, 21 T. C. 465; *Estate of William M. Lande*, 21 T. C. 977; *Estate of Samuel Hirsch*, 14 T. C. 509.

We think, therefore, in the instant case, we must look to the law of the State of California in order to determine whether property held by decedent in joint tenancy is property subject to general claims.

Under the law of California, upon the death of a joint tenant, the survivor becomes the sole owner of the entirety, not by descent, but by

survivorship, and by virtue of the original grant creating the tenancy. *King* v. *King*, 107 Cal. App. 2d 257, 236 P. 2d 912.

Survivorship is one of the incidents of joint tenancy and unless the estate is terminated before the death of the joint tenant, the executor of the decedent's estate has no interest in the property. *In re Zaring's Estate*, 93 Cal. App. 577, 579, 209 P. 2d 642, 644; *Dando* v. *Dando*, 37 Cal. App 2d 371, 99 P. 2d 561; *King* v. *King*, *supra*.

In *Zeigler* v. *Bonnell*, 52 Cal. App. 2d 217, 126 P. 2d 118, the question involved was whether a judgment lien on the interest of one joint tenant prior to execution severs the joint tenancy. The court held that it did not. At page 119, of the court's opinion, it is said:

> It is well settled in this and other states that, while all joint tenants are alive, execution may be had upon the interest of one of the joint tenants, and that upon the purchase of the interest of that joint tenant at execution sale the joint tenancy is severed and the purchaser and the other joint tenant or tenants become tenants in common. See cases collected and commented on in 111 A. L. R. 171; *Pepin* v. *Striklin*, 114 Cal. App. 32, 299 P. 557; *Hilborn* v. *Soale*, 44 Cal. App. 115, 185 P. 982.

In *Bank of America National T. & S. Ass'n.* v. *United States*, 237 F. 2d 942, 947, it is stated that under the California law jointly owned property is not subject to general claims.

The petitioner relies solely on the case of *Estate of Samuel Hirsch*, *supra*. In that case the executrix voluntarily put back into the estate part of the joint assets. The Court found that she did this in good faith under section 19 of the Personal Property Law and sections 270 to 276 of the Debtor and Creditor Law of the State of New York, thereby disaffirming and treating as void acts or transfers in fraud of creditors. It was further held, that the tax authorities could have compelled the executrix to recover and bring back into the estate the portion of joint assets necessary for the payment of tax obligations incurred in lifetime of decedent and for which the executrix was jointly liable. This principle is usually applied in cases where the gift is completed only at the instant of death. We think the *Hirsch* case is distinguishable on its facts. It is not controlling here.

We are to be governed, in the instant case, by the conception of a joint tenancy as applied by the California courts in their decisions herein referred to.

We hold that the joint property here in question was not subject to general claims, and the respondent's computation of the deduction for previously taxed property is sustained.

*Decision will be entered for the respondent.*