[Civ. No. 25620. Second Dist., Div. One. Aug. 29, 1962.]

COUNTY OF FRESNO, Plaintiff and Appellant, v. ALVIN C. KAHN et al., Defendants and Respondents.

Robert M. Wash, County Counsel, and Robert E. White, Deputy County Counsel, for Plaintiff and Appellant.

James F. Healey, Jr., Donald J. Burdine, Arthur G. Bowman, A. J. Gilbert, Weldon & Weldon and Richard P. Weldon for Defendants and Respondents.

WOOD, P. J.—Demurrer of defendants Kahn to the amended complaint was sustained. Plaintiff did not amend within the time provided by law, and judgment of dismissal was entered. Plaintiff appeals from the judgment.

This is an action to foreclose a mortgage which was executed by Nazzarena Persicone as security for payment of money expended by plaintiff on her behalf.

The first amended complaint alleged in substance, as follows: On June 15, 1955, Nazzarena Persicone, in order to give security to the plaintiff county for money expended, and to be expended, on her behalf for hospitalization, medical treatment, drugs, food and shelter, executed an indenture whereby she mortgaged to the county all real property which she then owned or which she might thereafter acquire, and specifically real property in the County of Santa Barbara (specifically described in the amended complaint). On July 7, 1955, the mortgage was recorded in Santa Barbara County. A copy of said mortgage is attached to the complaint as a part thereof. Between April 25, 1950, and August 1, 1952, the county, through its general hospital, rendered goods and services to said Nazzarena Persicone at a cost to the county of $2,250. Between June 29, 1955, and July 29, 1956, the county, through said hospital, rendered hospitalization, medical treatment, drugs, food and shelter to her at a cost to the county of $4,210.80. The total cost of aid rendered to her during those periods was $6,460.80. On June 15, 1955 (date of mortgage), Nazzarena Persicone, Angelo Persicone, and Francis Persicone were owners in joint tenancy of said described real property. Thereafter, about June 21, 1955, Nazzarena, Angelo, and Francis Persicone jointly entered into a written agreement with Wiley and Alice Burrows by the terms of which Nazzarena, Angelo, and Francis Persicone, for a lawful consideration, agreed to sell and convey title to the real property to said persons. Pursuant to the agreement, said persons entered into possession of the property and commenced making payments to the Persicones, according to the agreement. On March 2, 1956, said agreement was recorded in Santa Barbara County. On July 29, 1956, Nazzarena Persicone died in Fresno County. On July 8, 1959, T. M. Robinson, Jr., was appointed administrator of her estate by the Superior Court of Fresno County, and he is now acting as such administrator. On July 14, 1959, plaintiff filed, with the probate clerk of that county, a claim against the estate of Nazzarena Persicone for the aforesaid sum of $4,210.80 and presented a copy of the

claim to said administrator. On July 23, 1959, the administrator disallowed and rejected the claim. There is now due and owing to the county, for the aforesaid goods, services, support and maintenance rendered to said Nazzarena Persicone, the sum of $6,460.80. Defendants Alvin Kahn and Harriet Kahn succeeded to any right, title and interest of Wiley and Alice Burrows through *mesne* conveyances. Defendants Alvin and Harriet Kahn claim an interest in or liens upon said real property, but that the same are subsequent, subordinate, and subject to the lien of said mortgage of the county on an undivided one-third of said property.

The prayer of the amended complaint was for foreclosure of the mortgage as a lien upon an undivided one-third of the property.

Defendants Alvin Kahn and Harriet Kahn demurred to the first amended complaint on the ground that it did not state facts sufficient to constitute a cause of action against them.

Appellant contends that the joint tenancy was terminated when the Persicones entered into the contract to sell the property to the Burrowses, and when the Burrowses entered into possession and commenced to make payments on the agreed purchase price.

Appellant argues as follows: That since unity of possession, unity of interest, unity of time, and unity of title are essential to a continuance of a joint tenancy, a contract by all the joint tenants to sell the property destroyed the joint tenancy. That where the owner of real property enters into a contract to sell the property and retains title to it until the purchase money is paid, the ownership of the property passes to and vests in the purchaser under the doctrine of equitable conversion, and from the date of the contract the owner-vendor holds the legal title merely as security for a debt and as trustee for the purchaser; and under such circumstances the interest acquired by the purchaser, under the contract, is land, and the rights retained by the vendor, under the contract, are personal property. That if all the joint tenants enter into a contract to sell the joint property, receive and accept a part of the purchase price, and put the purchaser in possession, the joint tenancy in the real property is destroyed, even though the vendors retain the bare legal title to the property as security for payment of the purchase price. That, in the present case, upon making the executory contract of sale (by the Persicones and the Burrowses) an equitable conversion occurred; the joint tenancy of the Persicones in the land

terminated, leaving them the bare legal title, which they then held in trust for the Burrowses and as security for the payment of the purchase price. That the Burrowses became the owners of the property, which was subject to the payment of the purchase price, and also subject to the mortgage lien of the county upon an undivided one-third of the real property. That the nature of the interests of the Persicones in the purchase money, whether joint-tenancy interests, or interests in common, did not alter the nature of the Burrowses' interest in the real property or the mortgage lien thereon, and therefore the death of Nazzarena Persicone had no effect on the ownership of the land or the mortgage, regardless of whether the surviving Persicones became entitled to her share of the purchase money.

Appellant, in support of its position, quotes at length from *Buford* v. *Dahlke,* 158 Neb. 39 [62 N.W.2d 252].

Respondents contend that *Buford* v. *Dahlke, supra,* and *In re Sprague's Estate,* 244 Iowa 540 [57 N.W.2d 212], (referred to in the *Buford* case), represent the minority view. They state that it is not questioned that, upon the execution of a contract to sell real property, the equitable title passes to the vendee and the legal title is retained by the vendor for security purposes. They argue that execution of a contract to sell real property does not terminate the interest of the vendor or, under the majority rule, sever the joint-tenancy ownership of the vendor; that while the vendee obtains an equitable interest, he does not acquire the entire interest or title; that the vendor is still the legal owner of the property, and he may transfer the legal title and may mortgage the property or create liens thereon; that a judgment against him imposes a lien upon his interest, whereas a judgment against the vendee does not impose a lien upon the vendee's equitable interest; that if the agreement of sale is cancelled, a quitclaim deed from the buyer is not required to vest the full title in the vendor.

 Intent of the joint tenants is an important consideration in determining whether their acts in dealing with the property terminate the joint tenancy. (See *Cole* v. *Cole,* 139 Cal.App.2d 691, 694-695 [294 P.2d 494]; *Lagar* v. *Erickson,* 13 Cal.App.2d 365, 368 [56 P.2d 1287]; *Estate of Zaring,* 93 Cal.App.2d 577, 580 [209 P.2d 642].) Under the law of this state, "proceeds of joint tenancy property, in the absence of contrary agreement, retain the character of the property from which they are acquired." (*Fish* v. *Security-*

*First Nat. Bank,* 31 Cal.2d 378, 387 [189 P.2d 10].) The amended complaint herein does not allege that the joint tenants intended to terminate the joint tenancy. Some of the various acts which California courts have held do not terminate a joint tenancy are: Execution of a mortgage by a joint tenant. (*People* v. *Nogarr,* 164 Cal.App.2d 591 [330 P.2d 858, 68 A.L.R.2d 992].) Execution of a trust deed by a joint tenant. (*Hamel* v. *Gootkin,* 202 Cal.App.2d 27 [20 Cal. Rptr. 372].) Execution of a lease by a joint tenant. (*Swartzbaugh* v. *Sampson,* 11 Cal.App.2d 451 [54 P.2d 73] ; *Verdier* v. *Verdier,* 152 Cal.App.2d 348 [313 P.2d 123].) Conveyance of a life estate by one joint tenant to the other one. (*Hammond* v. *McArthur,* 30 Cal.2d 512 [183 P.2d 1].) Judgment lien against interest of a joint tenant. (*Zeigler* v. *Bonnell,* 52 Cal. App.2d 217 [126 P.2d 118].) Giving right of possession to one joint tenant during lifetime of the other. (*Cole* v. *Cole,* 139 Cal.App.2d 691 [294 P.2d 494].) ▇ The Persicones retained the title to the property. All the joint tenants (Persicones) joined in the same act of executing the conditional contract of sale, and their relationship to the property after executing the contract remained one of equality. Although the purchasers were in possession conditionally under the contract of sale, the sellers unitedly retained the right to possession in the event of default of the purchasers under the contract. There was unity of right of repossession in the event of default, and in the absence of proof of a contrary intent it is to be assumed that the sellers intended, in view of the contingent nature of the contract, to maintain their status quo with respect to unity of possession, as joint tenants. ▇ The theory of equitable conversion is fictional with respect to the intent of the joint tenants and it should not be regarded as a substitute for reality in the matter of determining their intent. That theory is ineffectual under the circumstances here to destroy the joint tenancy. It cannot be determined from the amended complaint that the joint tenants intended to or that they did terminate the joint tenancy.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 24, 1962.