## SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff,

### v.

## Carol KARTSONE and Carol Kartsone as Administratrix of the Estate of Peter J. Kartsone, Deceased, Defendants.

### No. CV 79–4597–DWW (Px).

United States District Court, C. D. California.

March 25, 1981.

Miriam Gerber, Wines, Robinson & Wood, Inc., San Jose, Cal., for plaintiff.

F. Leonard Sisk, Rosemead, Cal., for defendants.

## ORDER GRANTING AND DENYING SUMMARY JUDGMENT

DAVID W. WILLIAMS, District Judge.

Carol and Peter Kartsone, husband and wife, owned a homeplace located in Alta Loma, California and insured the home against loss by fire with Safeco Insurance Company. The policy was in effect from January 20, 1978 to January 20, 1979. On July 18, 1979 the house suffered considerable damage by fire. Thereafter a claim was made against Safeco for such of the proceeds of the policy as would restore the house to its normal condition. The insurance company made an investigation of the fire and came to the conclusion that it was intentionally set by the husband and that it should deny liability. It relied upon California Insurance Code Section 533 which provides:

"An insurer is not liable for a loss caused by the wilful act of the insured."

Investigation of the nature of the fire by fire officials led them to the conclusion that Peter had intentionally set the fire. Peter was seriously burned during the course of the fire and died from those injuries within a few days. The evidence showed that the

Kartsones were having marital difficulties and that the wife had begun a divorce action shortly before the fire and that she had asked for and obtained an order from a Superior Court judge to give her temporary exclusive possession of the house pendente lite. The evidence further showed that Peter had expressed to neighbors a few days before the fire his intention to torch the house rather than see it awarded to his wife.

After the death of Peter, Safeco entered into negotiations with Carol to attempt to resolve any liability it might have under the terms of the policy. An agreement was reached whereby the insurance company consented to advance sufficient funds to rebuild the house but it reserved the right to later seek a judicial declaration to resolve the controversy that existed between it and the surviving wife. This agreement was reduced to writing and forwarded by the insurance company to Carol's attorney in the divorce case and she signed it in his office in September of 1979. Safeco immediately proceeded with the reconstruction of the house and it was promptly completed. Safeco then filed a complaint in this court seeking declaratory relief upon its claim that it had no liability under the policy because of Section 533 of the California Insurance Code. All parties have agreed that Carol was innocent of any wrongdoing in setting the conflagration and that she was not present at any time during the course of the fire. Carol obtained new counsel who filed an answer and a counterclaim contending that (a) the fire was not intentionally set by Peter, but was the result of an accident, and (b) that if Peter set the fire he was suffering from a mental disease which would not make him responsible for his actions. The counterclaim further alleged that Safeco did not act in good faith in the handling of Carol's claims under the policy; that Carol was entitled to recover the full amount of the coverage and that she was therefore entitled to recover damages from Safeco for unreasonably withholding payment due under the policy. *Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973).

The counterclaim further contended that the agreement dated September, 1979, between Carol and the insurance company should be invalidated because of fraud practiced upon her by the insurance company and because she did not have effective advice of counsel during that period.

The Court bifurcated the issues of the trial in order to consider separately whether Peter wilfully burned the house and whether Safeco acted in bad faith. After trial on the first issue, during which psychiatric testimony was presented by both sides, the jury found that Peter had wilfully set the fire. A recess was called in the trial to permit both parties to file motions for summary judgment on the remaining issues. Oral argument was heard and the case was submitted to the Court for appropriate findings. The Court has reached the following Conclusions which partially grant and partially deny each of the motions for summary judgment.

## LIABILITY OF SAFECO UNDER THE POLICY

■ As stated before, Carol and Peter Kartsone held their home in joint tenancy. Joint tenancies in California are distinguished both by the right of survivorship and the fact that the title of each tenant extends to the whole estate. Upon the death of one tenant, the interest of the deceased joint tenant vanishes and the entire estate survives to the other, to the exclusion of the heirs of the decedent. *Swan v. Walden*, 156 Cal. 195, 103 p. 931 (1909); *Cole v. Cole*, 139 Cal.App.2d 691, 294 P.2d 494 (1956). Thus, Carol's interest at the time of the fire extended to the whole estate and upon the death of Peter, the joint tenancy was automatically terminated and she became the owner of the property.

■ Safeco contends that the operation of Section 533 of the Insurance Code limits Carol's recovery under the policy to, at most, one-half the amount of coverage. The fundamental purpose of Section 533, however, is to prevent any benefit to accrue to an insured as a result of his wilful

wrongdoing. Thus, any effect of Section 533 upon Carol's right to recovery for the fire loss is negated by the fact that the wrongdoer in this case died before the claim was paid, and cannot, under any circumstances, stand to benefit from it. Since the effect of the policy was to insure her total interest, her interest went to the whole of the estate, and Peter could not have benefited in any way from his wrongdoing, Carol must be held to be entitled to the entire proceeds of the policy. An additional claim is made that she is entitled to recover for content loss and her living expenses incurred during the time of the repairs. This contention must be upheld under these facts.

## BAD FAITH

■ Safeco moves for summary judgment as to the "insurance bad faith" counterclaim of Carol Kartsone, individually and as administratrix of the estate of her husband. It correctly states the law that the insurers duty of good faith and fair dealing under the implied-in-law covenant of good faith in every insurance contract is "a duty not to withhold *unreasonably* payment due under a policy." *Gruenberg v. Aetna Insurance Co., supra; Silberg v. California Life Insurance Company,* 11 Cal.3d 452, 461, 113 Cal.Rptr. 711, 521 P.2d 1103 (1974). A cause of action for insurance bad faith is made out only where the acts of the company in investigating the claim amount to an unreasonable denial to the insured of the benefits of the policy. There is no evidence in this case that the company acted unreasonably. It promptly investigated the fire and correctly determined that arson was involved. In good faith it sought to litigate its claims of non-liability under Section 533 of the Insurance Code and it sought to protect the interest of Carol and to prevent any inconvenience to her by making an early advancement of sufficient funds to restore the property to a livable condition. Summary Judgment on this issue must be decided in favor of Safeco because there are no genuine triable issues of fact on this subject.

■ Summary judgment must also be awarded in favor of Safeco against the contention of the counterclaimant that it practiced fraud upon her in negotiating the September 1979 agreement which reserved unto the company the right to litigate the contested issues. The benefits to be gained by Carol were significant. The agreement permitted immediate repairs to be made to her homeplace without awaiting resolution of the legal issues. The agreement expressly states that Safeco desired to seek a judicial declaration to resolve the controversy and that this would be accomplished by filing an action seeking a declaratory judgment. It further provided for Safeco to have a security interest in the real property to the amount of its advancements until the legal issues were resolved. There is no evidence of any kind of overreaching on the part of the company or that the counterclaimant was unaware of the provisions of the agreement. The document was sent to her lawyer and she was called into his office for a private conversation between them as to the effect of the document. After having received the advice of counsel, she signed it. These facts, which have not been denied by counterclaimants, compel summary judgment in favor of the plaintiff on the bad faith issue.

## ATTORNEYS FEES

■ Finally, the counterclaimant contends that she is entitled to attorneys fees in the amount of $44,000 for being compelled to litigate the issue of whether the fire was wilfully set and whether Section 533 of the Insurance Code would operate to deny her all or a part of the insurance proceeds. The Court concludes that counterclaimant is entitled to recover attorneys fees in an amount which would reimburse for work performed in resisting the claims of Safeco of nonliability, but not for work performed in connection with counterclaimant's claims of insurance bad faith and/or fraud, especially since she has not prevailed on these issues.

Safeco has already advanced the sum of $41,315.00 to rebuild the homeplace and it

recorded a lien in its favor against the real property to secure that advance. The Court now rules that Carol Kartsone was justly entitled to the payment of this full amount for repairs from Safeco and therefore Safeco is directed to record a release of its claim against the real property described as Lot 48, Tract 8682, Book of Maps 121, Page 59 through 61, San Bernardino County records. Safeco need not record this release of lien until this judgment is final or until the counterclaimant waives any right to appeal.

Judgment is further ordered in favor of Carol Kartsone and against Safeco in the amount of $37,400 for content loss, $3300 as additional living expenses and $10,000 as attorneys fees. Summary Judgment is ordered in favor of plaintiff as against the Estate of Peter J. Kartsone, deceased.

The Jury is discharged from further attention of this case.