65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roy Lee DAILEY, Plaintiff-Appellant,
v.
Honey DAILEY, Defendant-Appellee.
 No. 94-35895.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Lee Dailey, step-son of the defendant, appeals pro se the district court's summary judgment for defendant. Dailey alleges that defendant fraudulently converted Dailey's intestate share of his father's estate. Specifically, Dailey contends that defendant defrauded him by not submitting his father's estate to administration. We have jurisdiction over this diversity action under 28 U.S.C. Sec. 1291,[1] and we affirm in part, reverse in part, and remand.
 
 
 3
 Under the California Probate Code, where a person dies without a valid will, the surviving spouse takes the decedent's one-half share in all community property and at least one-third of the decedent's separate property as an intestate share. See Cal.Prob.Code Sec. 6401. The decedent's children take equal shares of the remainder of the decedent's separate property. See Cal.Prob.Code Sec. 6402. Where the decedent's heirs claim they are entitled to a particular portion of the decedent's property, they bear the burden of proof as to whether it is separate property. See In re Hirschberg's Estate, 36 Cal.Rptr. 661, 669-70 (Cal.Ct.App.1964); see also Fabian v. Fabian, 224 Cal.Rptr. 333, 336 (Cal.1986) (holding that spouse claiming that property is separate property bears burden of proof).
 
 
 4
 Any estate worth more than $60,000 must be submitted to administration. See Cal.Prob.Code Secs. 7001 (requiring administration) and 13100 (exempting estates worth less than $60,000). Any property held in joint tenancy with a right of survivorship, however, is not subject to administration because it passes directly to the joint tenant and is never part of the decedent's estate. See Grothe v. Cortlandt Corp., 15 CalRptr.2d 38, 40 (Cal.Ct.App.1992); Cole v. Cole, 294 P.2d 494, 495 (Cal.Ct.App.1956). The party claiming that property was held in joint tenancy bears the burden of proof on that issue. See Manti v. Gunari, 85 Cal.Rptr. 366, 369 (Cal.Ct.App.1970).
 
 
 5
 Defendant admits that she never submitted Dailey's father's estate to administration. In support of her motion for summary judgment, however, defendant submitted an affidavit in which she stated that Dailey's father's entire estate at the time of death consisted of "some stocks and bonds [which they had held as joint tenants], a Cadillac automobile, a Chevrolet Landau, and various minimal household goods." Defendant also submitted the affidavit of Glenn Smith, Dailey's father's stockbroker, which stated that the stocks and bonds were held in joint tenancy. Therefore, because defendant demonstrated that this portion of Dailey's father's estate was held in joint tenancy, defendant demonstrated that there was no genuine issue of material fact that this property should have been submitted to administration. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (party seeking summary judgment has initial burden of demonstrating the absence of a genuine issue of material fact). Appellant concedes as much. We affirm to this extent.
 
 
 6
 In his opposition to defendant's motion for summary judgment, Dailey submitted a page from his father's tax return from the year his father died which indicated that Dailey's father received interest from several bank accounts. Defendant did not mention these bank accounts in her motion for summary judgment. Therefore, Dailey has raised a genuine issue of material fact that his father held property at the time of his death which may have been subject to administration.
 
 
 7
 Because we cannot determine on the present record whether these bank accounts were held in joint tenancy or were community property, we must conclude that the district court erred by granting defendant's motion for summary judgment. See Celotex Corp., 477 U.S. at 322 (summary judgment inappropriate where genuine issue of material fact exists); Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (same).
 
 
 8
 AFFIRMED in part, REVERSED in part, and REMANDED. Each party to bear its own costs.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties consented to have their case proceed before a magistrate judge pursuant to 28 U.S.C. Sec. 636(c)