74 F.3d 1245
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CIAO GIUSEPPE, INC., Plaintiff-Appellant,
v.
RELIANCE INSURANCE CO., Defendant-Appellee.
 No. 94-55360.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided Jan. 19, 1996.
 
 Before: POOLE, BOOCHEVER, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ciao Giuseppe, Inc. ("Ciao") appeals the district court's grant of summary judgment in favor of Reliance Insurance Co. ("Reliance") on Ciao's claims that Reliance breached a contract of insurance and denied coverage in bad faith.
 
 
 3
 Giuseppe Bellisario ("Bellisario"), Ciao's owner, submitted a claim on behalf of Ciao to Reliance for property damage caused by a fire at Ciao's restaurant. Reliance advanced Ciao $25,000 and began an investigation into the cause of the fire. After consulting with counsel and conducting an investigation which indicated that the fire was caused by arson and that Bellisario was involved, Reliance denied Ciao's claim for coverage.
 
 
 4
 Ciao sued Reliance in California Superior Court for breach of contract and for bad faith denial of coverage. Reliance removed the action to federal court based upon diversity jurisdiction and then moved for summary judgment. The district court granted summary judgment in favor of Reliance on both of Ciao's claims.
 
 
 5
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3271 (U.S. Sept. 20, 1995) (No. 95-481). We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. A district court's order excluding evidence in the context of summary judgment is reviewed for an abuse of discretion. Maffei v. Northern Ins. Co. of N.Y., 12 F.3d 892, 897 (9th Cir.1993).
 
 
 6
 Where arson is raised as an affirmative defense in an insurance coverage dispute, the insurance company must prove by a preponderance of the evidence that the insured caused or participated in the burning of the insured property. See Don Burton, Inc. v. Aetna Life & Casualty Co., 575 F.2d 702, 707 (9th Cir.1978). "Direct proof of arson is seldom available, so the courts have recognized that it can be established, in proper cases, by circumstantial evidence." Id. at 706. Factors to be considered in proving arson by circumstantial evidence include: (1) whether the fire in question was of incendiary origin; (2) whether the insured had the opportunity to set the fire or cause it to be set; and (3) whether the insured had a motive to set the fire or cause it to be set. See id. at 707; American Home Assurance Co. v. Essy, 3 Cal.Rptr. 586, 589-90 (Cal.Dist.Ct.App.1960). See also People v. Beagle, 492 P.2d 1, 6 (Cal.1972) (en banc). Evidence indicating that the insured had a motive includes whether he recently obtained new or increased insurance coverage, Elgi Holding, Inc. v. Insurance Co. of N. Am., 511 F.2d 957, 959 (2d Cir.1975) (per curiam), and whether valuable property was removed from the building shortly before the fire. Don Burton, 575 F.2d at 707.
 
 
 7
 In the present action, the district court concluded that summary judgment in favor of Reliance was appropriate because "[t]he evidence in this case clearly demonstrates that the fire was caused by arson, and that Bellisario had both motive and opportunity to start the fire." Ciao argues that summary judgment was not proper because a letter written by Reliance's attorney indicated that someone other than Bellisario might have set the fire. According to the attorney's letter, a witness stated that he saw a man, who did not resemble Bellisario, running near the restaurant at approximately the time that the fire started. The district court did not consider the statements attributed to the witness in the letter from Reliance's attorney.
 
 
 8
 The district court's decision not to consider the statements was proper because the statements were inadmissible hearsay. See Fed.R.Civ.P. 56(e). Further, the district court did not abuse its discretion when it denied Ciao's request for additional time to obtain a statement from the witness. As the district court noted, Ciao could have obtained such a statement at some earlier point or submitted an affidavit to explain why the statement was unavailable. See id. 56(f). Consequently, Ciao could not rely on the statements attributed to the witness to establish the existence of a genuine issue of material fact.
 
 
 9
 Ciao's second argument is that Bellisario's declaration precluded summary judgment. We agree. In his declaration, Bellisario denied participating directly or indirectly in causing the fire. He also asserted that he had the same insurance coverage for over thirteen years and that there was no evidence that valuables had been removed from the restaurant shortly before the fire. Bellisario's denial, coupled with the absence of evidence indicating recently acquired insurance coverage or removal of valuables, created a genuine issue of material fact and therefore justified a jury trial. See Don Burton, 575 F.2d at 707. See also Vaughn v. Teledyne, Inc., 628 F.2d 1214, 1220 (9th Cir.1980) (although conclusory allegations were insufficient to defeat motion for summary judgment, party's denial of the existence of a plan was probative evidence to be considered on motion for summary judgment). The only evidence implicating Bellisario in the arson was circumstantial. Although a jury could have disbelieved Bellisario's denial of involvement, the evidence of arson was not undisputed. See Don Burton, 575 F.2d at 707. Thus, the district court erred when it granted summary judgment in favor of Reliance on Ciao's breach of contract claim.
 
 
 10
 As to Ciao's claim that Reliance denied coverage in bad faith, Reliance cannot be held liable unless "the acts of the company in investigating the claim amount to an unreasonable denial to the insured of the benefits of the policy." Safeco Ins. Co. v. Kartsone, 510 F.Supp. 856, 859 (C.D.Cal.1981) (applying California law). See Neil v. Farmers Ins. Exch., 582 P.2d 980, 985-86 (Cal.1978). Whether the insurance company relied on the advice of counsel is a factor to be considered in determining whether denial is reasonable. State Farm Mut. Auto. Ins. Co. v. Superior Court, 279 Cal.Rptr. 116, 117-18 (Cal.Ct.App.1991).
 
 
 11
 Here, upon receiving Ciao's claim, Reliance advanced Ciao $25,000. Reliance then conducted two separate investigations of the restaurant and also communicated with the investigator for the Los Angeles Fire Department. Based upon these efforts, Reliance reasonably concluded that Bellisario was responsible for causing the fire at the restaurant. Before denying coverage, however, Reliance took the further precaution of securing its attorney's opinion regarding whether Ciao was entitled to recover under the insurance policy. After receiving the opinion that Ciao was not entitled to recover, Reliance denied Ciao's claim. Reliance's decision to deny Ciao's claim for insurance benefits was reasonable and not made in bad faith. Thus, the district court properly granted Reliance's motion for summary judgment on Ciao's claim for bad faith denial of coverage.
 
 
 12
 Accordingly, we reverse the district court's decision to grant summary judgment in favor of Reliance on Ciao's breach of contract claim, but affirm the decision to grant summary judgment in favor of Reliance on Ciao's claim for bad faith denial of coverage. Each party shall bear its own costs on appeal.
 
 
 13
 AFFIRMED in part, and REVERSED in part and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3